BEN BARRIER v. THOMAS AND HOWARD COMPANY.

(Filed 22 November, 1933.)

1. **Automobiles C e—Whether parking of car on highway at night without lights is proximate cause of injury is ordinarily question for jury.**

   The parking of a truck on a public highway at night without lights in violation of C. S., 2621(77), 2621(94), is negligence *per se*, and where the evidence is conflicting as to whether such improper parking proximately caused plaintiff's injuries, resulting from a collision between the truck and the car in which he was riding as a guest, the question of proximate cause is for the determination of the jury upon an appropriate issue.

**2. Master and Servant A a—In emergency in this case employee held authorized to hire driver for defendant's truck.**

The evidence tended to show that one of defendant's trucks broke down on a highway, and that the driver, being unable to communicate with defendant, telephoned the proprietor of a garage in which another of defendant's trucks was stored to send the truck by a certain person not formerly employed by defendant, that the driver sent by the garage proprietor, while rendering the aid asked for by defendant's driver, parked defendant's truck upon the highway at night without lights in violation of statute, and that such improper parking proximately caused the injury in suit: *Held*, in the emergency defendant's employee had authority to employ the second driver, and defendant was liable for the negligent acts of such driver though defendant had not directly employed such driver, and defendant's employee ordinarily had not authority, express or implied, to employ a driver for defendant.

APPEAL by defendant from *Hill, Special Judge,* at June Term, 1933, of CABARRUS. No error.

This is an action to recover of the defendant damages for personal injuries suffered by the plaintiff, when the automobile in which he was riding as the guest of its owner and driver, collided with a truck which is owned by the defendant and was parked on a highway in this State, in the night time, without a light on its rear, by its driver, who was the servant and employee of the defendant when he parked the said truck.

The issues submitted to the jury were answered as follows:

"1. Was the plaintiff injured by the negligence of the defendant as alleged in the complaint? Answer: Yes.

2. What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: $3,500."

From judgment that plaintiff recover of the defendant the sum of $3,500, and the costs of the action, the defendant appealed to the Supreme Court.

*Hartsell & Hartsell for plaintiff.*
*Armfield, Sherrin & Barnhardt for defendant.*

CONNOR, J. The only question presented by this appeal is whether there was error in the refusal of the trial court to allow defendants' motion for judgment as of nonsuit, at the close of all the evidence. C. S., 567. The defendant contends:

1. That, conceding that the evidence offered by the plaintiff tended to show that its truck was parked on the highway, in the night time, without a light on its rear, in violation of C. S., 2621(77) and C. S., 2621(94), as alleged by the plaintiff, all the evidence showed that such negligence on the part of the driver of the truck was not the proximate

cause of plaintiff's injuries, but that the sole proximate cause of said injuries was the negligence of the driver of the automobile in which plaintiff was riding at the time of the collision; and,

2. That, conceding that the evidence offered by the plaintiff tended to show that the driver of the truck was negligent, and that his negligence was a proximate cause of plaintiff's injuries, as alleged by the plaintiff, all the evidence showed that the driver of the truck was not the servant or employee of the defendant, but that he was the servant or employee of another, at the time he parked the truck on the highway.

Neither of these contentions can be sustained. Conceding without deciding that the driver of the automobile in which plaintiff was riding as a guest, was negligent in the operation of his automobile, as contended by the defendant, the evidence as to whether such negligence was the sole proximate cause of plaintiff's injuries, was at least conflicting. For this reason, the evidence pertinent to this phase of the case, was properly submitted to the jury. *Godfrey v. Coach Co.,* 201 N. C., 264, 159 S. E., 412. In that case it is said that where the violation of a statute, intended and designed to prevent injury to person or property, which is negligence *per se,* is admitted or established by the evidence, it is ordinarily a question for the jury to determine whether such negligence is a proximate cause of injury which resulted in damages. This principle, which is well established as the law, is applicable in the instant case.

There was no evidence at the trial of this action which tended to show that the driver of the truck with which the automobile in which the plaintiff was riding at the time he was injured, was a servant or employee of the defendant, prior to the time he was directed by the proprietor of the garage in the city of Charlotte to take the truck, which was then in said garage, and drive it to the place where the collision occurred. There was evidence, however, which showed that an employee of defendant who was driving one of its trucks on the highway from the city of Concord to the city of Charlotte, and whose truck had broken down on the highway about 8 or 9 miles north of the city of Charlotte, had requested the proprietor of the garage to send the truck to his aid, and that this request was made over the telephone, after the said employee had failed to get into communication with the defendant at Charlotte. All the evidence showed that this employee was at the time of the request confronted with an emergency which made it necessary for him to get aid, and that for this reason he requested the proprietor of the garage, at which the truck was stored, to send him the truck by the driver who parked the truck on the highway. Although this employee had no express authority, and under ordinary circumstances, no implied authority to employ a driver of defendant's truck, and thereby establish the relationship of master and servant, or employer and em-

ployee between the defendant and said driver, in view of the emergency which confronted him, at the time, it is well settled that he had such authority; all the evidence showed that he exercised this authority because of the emergency. This principle was recognized by this Court and applied in *Perkins v. Coal Co.,* 189 N. C., 602, 127 S. E., 677.

We are of the opinion that there was no error in the refusal of the trial court to allow defendant's motion for judgment as of nonsuit, at the close of all the evidence, and that the judgment should be affirmed.

No error.