OLLIN SKINNER v. PERRY EVANS, W. R. PRIDGEN and J. W. THOMPSON.

(Filed 18 April, 1956.)

**1. Pleadings § 15—**

Upon demurrer, the allegations of fact, as well as relevant inferences of fact necessarily deducible therefrom, will be taken as true, but a demurrer does not admit conclusions of law.

**2. Automobiles § 9—**

The act of the driver of a car in temporarily stopping upon the right side of a highway to speak to a pedestrian does not violate G.S. 20-161(a) as amended.

**3. Automobiles § 33—**

A deputy sheriff who stops his car on the right side of the highway and calls to a pedestrian standing on the shoulder opposite him does not assume any obligation for himself or for his superior to protect the pedestrian from dangers of other traffic on the highway, since the relationship of passenger and carrier does not then exist between the pedestrian and the deputy, and further the deputy is not under duty to anticipate negligence on the part of drivers of other vehicles.

**4. Automobiles § 35—**

Plaintiff alleged that defendant deputy sheriff, traveling in a northerly direction, stopped his car on the hardsurface on his right side of the highway to speak to plaintiff, who was standing on the west shoulder, saw that plaintiff was intoxicated, and called to him to get into his car, that in response thereto plaintiff began walking toward the deputy's car and was struck by an automobile which was traveling north and had turned to its left side of the highway to pass the stationary vehicle. *Held:* Demurrers of the sheriff and deputy sheriff were properly allowed, since the allegations state no negligence on the part of the deputy proximately causing plaintiff's injuries.

**5. Same: Automobiles § 33—**

Plaintiff alleged that he was walking in a northerly direction on the western shoulder of the highway, that defendant, traveling north at an unlawful rate of speed under the circumstances and without keeping a proper lookout, turned to his left to pass a vehicle standing on the eastern side of the highway and struck plaintiff as plaintiff, in going to enter the stationary car, had reached about the center of the highway. *Held:* Defendant's demurrer to the complaint should have been overruled both in respect to negligence and contributory negligence.

Devin, J., took no part in the consideration or decision of this case.

Appeal by plaintiff from *Fountain, J.,* at September-October 1955 Term, of Wilson.

Civil action to recover for personal injuries allegedly sustained by plaintiff as proximate result of concurrent negligence of defendants

when he, plaintiff, was stricken by an automobile owned and operated by defendant Evans, heard upon separate demurrers of defendant Evans and defendants W. R. Pridgen and J. W. Thompson, respectively.

These are substantially the allegations of the complaint, disregarding paragraphical numbers:

The occurrence took place about 10 o'clock a.m., on 16 September, 1954, about three miles south of Wilson, North Carolina, on the Old Black Creek Road, a rural black-top or secondary road, which runs generally in a north-south direction. From the point of impact of which complaint is made the road is straight, both to the north and to the south for a distance of approximately one-third of a mile. The residence of defendant Evans is located about one-half mile south of the point of impact,—and at that point there is a sharp curve in the road.

At the time, place and occasion the 1949 Ford owned and operated by defendant Evans was traveling in a northerly direction, as was the 1953 Plymouth automobile, owned by defendant J. W. Thompson, and operated by defendant W. R. Pridgen, a duly qualified and acting deputy sheriff for defendant J. W. Thompson, the sheriff of Wilson County, on a mission in the performance of his duties as deputy sheriff, and as such was acting as the agent, servant and employee of the sheriff.

The defendant Pridgen, after passing the residence of defendant Evans and rounding the curve, passed a loaded pick-up truck proceeding in the same direction. Shortly after passing the truck Pridgen observed a pedestrian, two or three hundred yards away, walking in a northerly direction toward Wilson on the westerly or left shoulder of the road,—facing traffic. As he approached him Pridgen recognized the pedestrian to be the plaintiff Skinner, whom he had known for several years. Thereupon "Pridgen brought his vehicle to a stop on said highway with his right wheels on the edge of or just off the easterly side of the pavement at a point directly opposite the plaintiff who was then standing on the shoulder of the road on the west side." "Immediately the defendant Pridgen observed that the plaintiff was partially under the influence of some intoxicating beverage." And "at a time when his vehicle was partially blocking the main traveled portion of said highway and without looking to his rear or in his rear-view mirror to observe approaching traffic, Deputy Sheriff Pridgen called to the plaintiff to 'come on' to his car and 'let's go to town,' and 'in response thereto, the plaintiff began walking from the westerly shoulder of said highway directly toward the vehicle being operated by said deputy sheriff.' "

At the same time "defendant Evans was approaching this scene in his automobile . . . at an excessive and unlawful rate of speed." And

when more than 150 yards away Evans observed plaintiff "walking on the westerly shoulder of said highway . . . in a northerly direction with his back to the defendant Evans, who also observed the said pick-up truck proceeding ahead of him . . . between his vehicle and the vehicle of Deputy Sheriff Pridgen," and "observed that the pick-up truck was slowing considerably." Thereupon defendant Evans "pulled out into his left lane of travel and proceeded to pass the pick-up truck and the sheriff's vehicle." He observed plaintiff "when he stopped walking and when he turned and faced in an easterly direction toward the vehicle of the sheriff directly opposite from him," and "observed that at all times as he approached this plaintiff, the plaintiff was facing in a direction opposite from his approach and that the plaintiff never looked in the direction toward the defendant Evans."

Thereupon, defendant Evans, while so operating his vehicle, and so passing the pick-up truck, and the sheriff's vehicle, in the left lane of travel, "and without giving an audible warning of his approach and without reducing his speed as he approached plaintiff, drove his automobile at a speed in excess of 50 miles per hour . . ." and caused it to strike this plaintiff about the center of said highway.

The acts of negligence charged against Deputy Sheriff Pridgen, which constituted a joint and concurring cause, with the negligence of defendant Evans, are that:

"a. . . . he operated the said automobile without keeping a proper lookout for other traffic upon the highway and without due caution and circumspection for the safety of this plaintiff and traffic on said highway, under the circumstances then existing.

"b. . . . he stopped his automobile upon said highway (1) without due caution, prudence and circumspection and in a manner so as to create a hazard and danger to the safety of the plaintiff . . .," and

"c. . . . (2) without giving a signal of his intention to do so at a time when traffic was approaching from his rear in violation of G.S. 20-154.

"d. . . he stopped and left his vehicle standing upon the paved portion of said highway (1) without leaving a clear width of 15 feet of the main traveled portion opposite his standing vehicle in violation of G.S. 20-161.

"e. . . . (2) partially blocking the passage of other vehicles at a time when he knew that the plaintiff was standing on the shoulder of the highway opposite from him, partially incapacitated, and at a time when he knew, or by the exercise of due care would have known, that traffic was approaching from the rear and the safety of the plaintiff was endangered," and

"f. . . . he, a deputy sheriff, called to the plaintiff across the highway to his vehicle at a time when his car was partially blocking the paved portions thereof, and at a time when he knew that the plaintiff was partially incapacitated, and at a time when he knew, or in the exercise of due care should have known, that traffic was approaching from his rear."

The acts of negligence alleged against defendant Evans which joined and concurred with the negligence of the defendant Pridgen in proximately causing the severe injuries to the body of plaintiff are that

"(a) . . . he operated his automobile at a high, dangerous and unlawful rate of speed under the circumstances in violation of G.S. 20-141;

"(b) . . . he failed to exercise due care to avoid colliding with the plaintiff in violation of G.S. 20-174(e);

"(c) . . . he operated his automobile without keeping a proper lookout for other traffic and pedestrians on said road, and without precaution and circumspection required by law;

"(d) . . . operated his car at a high and excessive rate of speed and failed to reduce his speed, apply his brakes and keep his vehicle under the proper control required by law to avoid colliding with the plaintiff;

"(e) . . . he failed to reduce his speed and bring his vehicle to a stop at a time when he had observed the plaintiff upon the highway and knew or should have known that the plaintiff was not aware of his approach;

"(f) . . . he attempted to pass the pick-up truck and the sheriff's vehicle at a time when he knew or in the exercise of due care would have known that both vehicles were slowing or had stopped for the plaintiff and at a time when he knew that the pick-up truck and the sheriff's car were blocking the main traveled portion of the highway, and that to pass the vehicles under the circumstances would greatly endanger the plaintiff, and

"(g) . . . he failed to turn his vehicle to his left and thereby avoid striking the body of the plaintiff at a time when the plaintiff was about the center of the road" and when he "had ample space to pass the plaintiff by turning his vehicle to his left and traveling along a six-foot wide shoulder at said point."

Defendant Evans demurred to the complaint of plaintiff for that same does not state facts sufficient to constitute a cause of action against him in that it appears upon the face of the complaint:

"1. That this defendant was guilty of no act of negligence proximately causing injury to the plaintiff; and

"2. That even if this defendant were negligent in any respect, the plaintiff was guilty of contributory negligence which proximately caused

SKINNER v. EVANS.

and contributed to his injury in that he failed and neglected to keep a proper lookout or to yield the right of way to defendant as he was by law required to do, but instead while in a semi-drunken condition walked across the highway directly in front of this defendant's automobile at a time when it was too close for defendant to avoid striking him."

Defendants W. R. Pridgen and J. W. Thompson demurred to the complaint of plaintiff on the grounds:

"1. . . . that the complaint does not allege facts sufficient to constitute or state a cause of action against these defendants.

"2. . . . that it affirmatively appears upon the face of the complaint (a) that the defendant, W. R. Pridgen, by no act of negligence on his part, proximately caused the alleged injury to the plaintiff.

"3. . . . (b) from the facts alleging the manner in which the plaintiff was struck by the automobile of the defendant Evans, that the striking of the plaintiff by said automobile was not proximately caused by any act of negligence on the part of the defendant W. R. Pridgen. On the contrary, the allegations as to the manner in which plaintiff was struck by said automobile completely negate the conclusions of negligence on the part of the defendant Pridgen, and

"4. . . . (c) that the plaintiff was guilty of contributory negligence as a matter of law; and that such negligence on part of plaintiff contributed to any injury he may have sustained by reason of having been struck by the automobile of the defendant Evans."

The court below sustained each demurrer, and, to each judgment in accordance therewith, plaintiffs excepted and appealed to Supreme Court, and assign error.

*Talmadge L. Narron for plaintiff, appellant.*

*Gardner, Connor & Lee for defendants Pridgen and Thompson, appellees.*

*Dupree, Weaver & Montgomery for defendant Evans, appellee.*

WINBORNE, J. Admitting the truth of the allegations of fact set forth in the complaint, as well as relevant inferences of fact necessarily deducible therefrom, but not conclusions of law, as is done in testing the sufficiency of a complaint to state a cause of action, when challenged by demurrer, *Ballinger v. Thomas*, 195 N.C. 517, 142 S.E. 761; *Muse v. Morrison*, 234 N.C. 195, 66 S.E. 2d 783; *Alford v. Washington*, 238 N.C. 694, 78 S.E. 2d 915, and numerous other cases, does the complaint in the case in hand state facts constituting a cause of action (1) against defendants Pridgen and Thompson, or (2) against defendant Evans for actionable negligence?

First as to defendants Pridgen and Thompson: Stripping the complaint of allegations of conclusions of law the facts alleged fail to state any legal duty which these defendants owed the plaintiff, under the circumstances in which they were placed. The temporary stopping of the automobile upon the highway under the circumstances was not violative of the provisions of G.S. 20-161(a) as amended by Chapter 165 of 1951 Session Laws of North Carolina pertaining to stopping on a highway. See among other cases *Stallings v. Transport Co.,* 210 N.C. 201, 185 S.E. 643; *Peoples v. Fulk,* 220 N.C. 635, 18 S.E. 2d 147; *Leary v. Bus Corp.,* 220 N.C. 745, 18 S.E. 2d 426; *Pike v. Seymour,* 222 N.C. 42, 21 S.E. 2d 884; *Morgan v. Coach Co.,* 225 N.C. 668, 36 S.E. 2d 263; *Morris v. Transport Co.,* 235 N.C. 568, 70 S.E. 2d 845.

Moreover, the facts alleged fail to state a relationship of passenger and carrier as between plaintiff and these defendants, *White v. Chappell,* 219 N.C. 652, 14 S.E. 2d 843, by which these defendants assumed any obligation to protect plaintiff from dangers upon the highway. Furthermore, the defendants Pridgen and Thompson were under no duty to anticipate negligence on the part of others upon the highway. See *Reeves v. Staley,* 220 N.C. 573, 18 S.E. 2d 239, which is cited in many later cases.

(2) But as to defendant Evans: The facts set forth in the complaint seem to present a situation both in respect to allegations of negligence on the part of defendant Evans and in respect to averments of contributory negligence on the part of plaintiff similar to that in the case of *Williams v. Henderson,* 230 N.C. 707, 55 S.E. 2d 462.

Hence, on the authority of that case (*Williams v. Henderson, supra*), this Court holds that the allegations, in both respects, are sufficient, if supported by evidence, to constitute a case for a jury under proper instructions of the trial judge.

Therefore, the judgment from which appeal is taken as to defendants Pridgen and Thompson is affirmed, and the judgment from which appeal is taken as to defendant Evans is reversed.

As to defendants Pridgen and Thompson—Affirmed.

As to defendant Evans—Reversed.

DEVIN, J., took no part in the consideration or decision of this case.