WINFRED BASNIGHT v. PEARL WILSON, EDWARD WILSON AND PERNELL DOZIER.

(Filed 27 February, 1957.)

**1. Negligence § 11—**

The law imposes upon every person the duty to exercise for his own safety that degree of care which a reasonably prudent person would employ in the circumstances.

**2. Automobiles § 47—**

The failure of the driver of a car to warn a guest, alighting from the car, that a vehicle was approaching, is without significance when the guest already knew of the approaching vehicle.

**3. Automobiles §§ 9, 49—Guest's contributory negligence held to bar recovery from driver for negligence in parking vehicle.**

The evidence disclosed that the driver of a vehicle, traveling north, parked it on the shoulder on the west side of the highway with its right wheels some 10 inches on the 20-foot hard surface, and with its lights burning, in violation of G.S. 20-161, G.S. 20-161.1, that plaintiff passenger got out of the car to open the trunk, and observed the location of the vehicle and saw a car approaching, traveling south at a high rate of speed, some distance away. As plaintiff was standing at the rear of the parked car, the oncoming vehicle collided therewith head-on. *Held:* Even if it be conceded that the evidence supports an inference that the negligence in parking the car was a concurring proximate cause of the collision, the evidence discloses that plaintiff had knowledge of all the facts and circumstances and therefore was under equal duty to foresee that the car parked in such manner might be hit by a vehicle traveling along the highway, and therefore nonsuit was proper on the ground of contributory negligence.

APPEAL by plaintiff from *Bone, J.,* October Term, 1956, of CURRITUCK.

Civil action to recover damages on account of personal injuries. Issues arising on the pleadings relate to (1) the alleged negligence of defendants, (2) the alleged contributory negligence of plaintiff, and (3) damages.

The appeal and only assignment of error relate to the judgment of involuntary nonsuit entered at the close of plaintiff's evidence.

*Robert B. Lowry and John H. Hall for plaintiff, appellant.*
*LeRoy & Goodwin for defendants, appellees.*

BOBBITT, J.   Plaintiff's testimony is the only evidence as to what occurred prior to and at the time of his injury.   It tends to show these facts:

Defendants Wilson, mother and son, owned a 1955 Ford.   Pearl Wilson, in the presence of Edward Wilson, asked plaintiff to go "with them" to New York.   Defendant Dozier was to drive the Wilson car to New York.   Plaintiff was to drive it back.

On the night of 20 January, 1956, en route to New York, Dozier was driving the Wilson car in Currituck County, proceeding north on N. C. Highway #34.   Seven persons were riding in the Wilson car, the plaintiff, the three defendants, Daisy Dozier, Lillie Wilson and Shirley Gregory.   Dozier and plaintiff were riding on the front seat.   There is no evidence as to where the other occupants were seated.

In the locality of the Chapman house, the two-lane hard-surfaced highway was level and straight. On each side, the dirt shoulder was wide enough for the Wilson car to be driven and stopped thereon. "It was raining a drizzly rain . . ."

Edward Wilson directed Dozier to stop at the Chapman house and get a jack. The Chapman house was on the west, their left, side of the highway. A driveway extended west from the highway, into the Chapman premises. Chapman's car was parked there, the back bumper "just even with the shoulder of the road on his bridge." The implication is that the bridge spanned a ditch between the shoulder of the road and the Chapman premises. Dozier drove onto the west, his left, shoulder of the highway, and stopped the Wilson car. He got out the left front door. When opened, it "just missed the back bumper" of the Chapman car. The implication is that he went to the Chapman house to see about the jack. Dozier, while driving, had on his driving lights. Plaintiff testified: "As far as I can remember, the lights were not changed when we stopped at the Chapman house."

Pearl Wilson had asked plaintiff to get out and unlock the trunk and Dozier had given the key to plaintiff. Plaintiff testified: "We were going to put the jack in the trunk." Plaintiff got out on the right side, stepping down "on the cement road." When he did so, he made these observations: (1) ". . . the two right-hand wheels were just on the edge of the cement, about 10 inches." (2) He saw a car, identified later as the Munden car, traveling south, come around a curve nearly a mile up the road. The Munden car "had its lights on." Plaintiff walked around to the back of the Wilson car and "bent down to unlock the trunk." Meanwhile: "The car was coming fast, because I thought it was a truck, it sounded so loud. I did not look at it and I didn't watch it coming. I paid some attention to it." The Munden car crashed into the Wilson car, knocking the Wilson car against plaintiff and thereby causing the injuries for which he seeks damages. The occupants of the Wilson car also received injuries.

No vehicles other than the Munden car and the Wilson car were involved or on the highway.

The testimony of witnesses who arrived after the accident had occurred tends to show these additional facts: "The hard-surfaced part of this road is about 20 feet." The Wilson car was knocked into the ditch, about 40 or 50 feet south of the Chapman driveway. "The front end was smashed up . . . the front of the Wilson car was shoved back." Both cars were "busted in the front." The Munden car collided with the Chapman car "to some extent."

Plaintiff bases his action primarily upon the alleged negligence of Dozier, as agent of the Wilsons, in parking and leaving standing the Wilson car in violation of G.S. 20-161, G.S. 20-161.1 and G.S. 20-162.

Obviously, violations of the cited statutes, apart from the intervening conduct, negligent or otherwise, of the operator of the Munden car would not have caused plaintiff's injuries. G.S. 20-162 has no application. Compare: *Peoples v. Fulk,* 220 N.C. 635, 637, 18 S.E. 2d 147. Conceding the sufficiency of the evidence to show that the Wilson car was parked and left standing in violation of G.S. 20-161 and of G.S. 20-161.1, this serious question confronts us: Was the violation of either of these statutes such negligence as to constitute a proximate cause of the collision; specifically, were the circumstances such that defendants could and should have reasonably foreseen that on account of such violations a collision was probable or likely to occur? *Aldridge v. Hasty,* 240 N.C. 353, 82 S.E. 2d 331.

The evidence, considered most favorably to plaintiff, is to the effect that the front portion of the southbound Munden car crashed into the front portion of the Wilson car, a head-on collision; that the Wilson car, headed north, except the portion extending some 10 inches onto the hard-surface, was on the west shoulder of the highway; and that, except for a foot or less, the entire width of the 20-foot hard-surfaced highway was open and available for use by the operator of the Munden car.

The only reasonable inference is that the operator of the Munden car, proceeding fast, drove onto the west, his right, shoulder of the highway. The Wilson car was standing still, its headlights burning, *both* right wheels extending approximately 10 inches onto the hard-surface. The highway was straight. Presumably, the lights of the Wilson car disclosed the west shoulder of the highway. Presumably, the Munden car was proceeding in its right lane. The operator of the Munden car knew *his* position on the highway and could have observed that the lighted Wilson car was somewhat to his right. If, for any reason, the driver of the Munden car was uncertain as to the exact position of the Wilson car, due care would have required that he reduce his speed, bring his car under control and proceed with commensurate caution, until he could determine the true situation. Unquestionably, upon the evidence before us, the intervening action of the driver of the Munden car, negligent or otherwise, proximately caused the collision and plaintiff's injuries. (The operator of the Munden car is not a party; nor was he a witness.)

Was the intervening action of the operator of the Munden car, negligent or otherwise, the *sole* proximate cause of the collision and of plaintiff's injuries; or was defendants' negligence a concurring proximate cause? In relation to the negligence issue, the crucial question is this: Was the position of the Wilson car, with headlights burning, such that defendants, by the exercise of due care, could and should have reasonably foreseen such intervening action or some similar intervening action on the part of an approaching motorist? If not, the negligence of de-

fendants was insulated and unrelated to plaintiff's injuries as a proximate cause. *Beach v. Patton,* 208 N.C. 134, 179 S.E. 446; *Butner v. Spease,* 217 N.C. 82, 6 S.E. 2d 808; *Peoples v. Fulk, supra; Hayes v. Wilmington,* 243 N.C. 525, 91 S.E. 2d 673; *Riddle v. Artis,* 243 N.C. 668, 91 S.E. 2d 894, and cases cited therein.

Assuming the sufficiency of plaintiff's evidence to warrant submission of the negligence issue on the crucial question posed, acceptance of this evidence in the light most favorable to plaintiff leads to the inescapable conclusion that plaintiff, with knowledge of all the facts, had equal, if not better, opportunity reasonably to foresee such intervening action on the part of the operator of the Munden car.

The law imposed upon plaintiff the duty to use due care for his own safety. "The test of liability for negligence, primary or contributory, is the departure from the normal conduct of the reasonably prudent man, or the care and prevision which a reasonably prudent person would employ in the circumstances. The rule is constant, while the degree of care which a reasonably prudent person is required to exercise varies with the exigencies of the occasion." *Stacy, C. J.,* in *Tyson v. Ford,* 228 N.C. 778, 47 S.E. 2d 251. "There is really no distinction, or essential difference, between negligence in the plaintiff and negligence in the defendant . . . The criterion for establishing both is the same. . . . The same standard applies alike to both." *Stacy, C. J.,* in *Sebastian v. Motor Lines,* 213 N.C. 770, 197 S.E. 539.

An analysis of the evidence, in the light of these elementary principles, discloses these facts: Plaintiff knew the exact extent to which the right wheels of the Wilson car extended onto the hard-surfaced portion of the highway. While Dozier drove and stopped the car as indicated, plaintiff was with him on the front seat. Plaintiff was invited to take the trip in the capacity of a co-driver. It is a fair inference that when Dozier handed to plaintiff the key to the trunk, plaintiff had possession of or access to the switch key as well. Apparently, he anticipated no danger on account of the position and status of the Wilson car. It does not appear whether defendants or the others seated in the Wilson car could or did observe the approach of the Munden car; but plaintiff saw the Munden car, heard it, realized it was coming fast, thought it was a truck, etc. If dangerous consequences resulting from the position and status of the Wilson car could and should reasonably have been foreseen, plaintiff, not the persons seated in the car, had the better opportunity to do so. Moreover, if such dangerous consequences could and should reasonably have been foreseen, plaintiff could have moved to a position of safety.

Plaintiff's contention that defendants' failure to warn him of the approach of the Munden car constituted actionable negligence is without merit. Plaintiff saw it. A failure to warn plaintiff of what he

already knew is without significance. *Petty v. Print Works,* 243 N.C. 292, 304, 90 S.E. 2d 717. Indeed, if danger were reasonably anticipated, it would seem that plaintiff might well have warned the persons seated in the Wilson car. There is nothing to indicate that plaintiff or any occupant of the car saw or could have seen that the operator of the Munden car would run onto the west, his right, shoulder of the highway, and crash into the Wilson car, for any appreciable time prior to the actual impact.

We have considered *Webb v. Hutchins,* 228 N.C. 1, 44 S.E. 2d 350. Suffice to say, the cited case is not regarded as authority for plaintiff's position on the *uncontradicted* evidence now before us.

The evidence strongly supports the view that negligence on the part of the operator of the Munden car was the sole proximate cause of the collision. But, apart from that view, if plaintiff's evidence is treated as sufficient to support a finding of negligence on the part of defendants, such uncontradicted evidence suffices to show conclusively that plaintiff, with knowledge of all the facts, was in like manner contributorily negligent. In either event, the judgment of involuntary nonsuit was proper.

Affirmed.