JOHN JACOB ROWE v. ROOSEVELT MURPHY, MORRIS JOHNSON AND SANFORD W. JOHNSON.

(Filed 2 July, 1959.)

**1. Automobiles § 37—**

Where the evidence does not disclose that defendant, who had parked his disabled car as far as possible on the shoulder of the road to his right, knew that the shoulder of the road a short distance away was sufficiently wide to permit the parking of the car entirely off the hard surface, evidence of such condition of the highway does not tend to establish negligence on the part of defendant in parking at the place selected by him, and the exclusion of a conclusion of a witness that the car could have been parked completely off the highway at such other point is not error.

**2. Appeal and Error § 41—**

The exclusion of testimony cannot be prejudicial when the facts

sought to be established thereby are established by the testimony of another witness.

**3. Evidence § 20—**

Allegations in the complaint as against one defendant, who failed to file answer after service of summons and complaint, which allegations are admitted by the other defendant, are competent in evidence against such other defendant. G.S. 1-159.

**4. Same—**

Allegations of the answer which are denied by plaintiff are properly excluded on plaintiff's objection.

**5. Automobiles § 9—**

The parking of a disabled vehicle as far as possible on the right shoulder, leaving more than 15 feet upon the main traveled portion of the highway for the free passage of traffic, at a place where the drivers of other cars have a clear view of the parked automobile for a distance of more than 200 feet in both directions, is not a violation of G.S. 20-161.

**6. Same—**

The provisions of G.S. 20-161 requiring the setting of warning flares or lanterns to the front and rear of a vehicle parked on the highway applies to trucks, trailers or semi-trailers and not to automobiles.

**7. Same—**

Any negligence on the part of a defendant in violating the statutory provisions in regard to parking vehicles upon a highway must be a proximate cause of injury in order to entitle plaintiff to recover.

**8. Automobiles § 43— Negligence of one defendant in hitting rear of parked car held to insulate any negligence on the part of the other defendant in parking on highway.**

The evidence tended to show that one defendant parked his disabled car as far as possible on the right shoulder of the highway with its parking lights burning, that plaintiff stopped his car in front of the parked car with the lights of plaintiff's vehicle shining on the parked car, that plaintiff was standing between the two vehicles, and that the second defendant, driving while under the influence of intoxicating liquor or narcotic drug, struck the rear of the first defendant's car, causing it to move forward and crush plaintiff between the two cars. The evidence further tended to show that both plaintiff and the first defendant were aware of the approach of the second defendant's car. *Held:* Conceding evidence of negligence on the part of the first defendant in parking the car or in failing to flag down the car of the second defendant, the evidence discloses that the heedless and irresponsible conduct of the second defendant was the real and efficient cause of plaintiff's injuries, insulating any negligence on the part of the first defendant, entitling him to nonsuit.

**9. Automobiles § 7—**

A motorist is not under duty to anticipate negligence on the part of other motorists.

⟩ Appeal by plaintiff from *Bone, J.*, September, 1958 Term of Pender.
. This is a civil action instituted by the plaintiff to recover damages
for injuries sustained, resulting from..the alleged negligence of the
defendants.

The defendant Morris Johnson on the night of 21 June 1957 was
driving the 1953 Ford automobile of his father, the defendant San-
ford W. Johnson, with his father's permission, on a rural paved road
in Pender County, North Carolina, when at a point on said road,
about 100 yards west of the intersection of said road and U. S. High-
way No. 421, known as Malpass' Corner, the engine developed trouble.
At the time, the Johnson automobile was traveling in an easterly
direction. Upon discovery of the engine trouble the defendant Morris
Johnson stopped on the side of the road and, according to the evidence,
parked the car as far toward the right as possible. The left side of
the car was over the edge of the pavement approximately 16 or 17
inches. The pavement was 18 feet wide, with four-foot shoulders. At
the point where the car was parked, the road was straight and level
for approximately two miles to the west;· the night was clear and
the moon was shining. There was a filling station at Malpass' Corner
and, at that point, the shoulders of the road were much wider.

The defendant Morris Johnson, a mechanic, testified that when
he stopped his automobile he switched off the headlights and left the
parking lights on; that both the parking lights on the front of the
car and the tail lights on the rear were burning; that he investigated
and discovered that the oil line was broken on the car; that the nature
of the break — being under the manifold — necessitated getting under
the car to repair the damage; that after he had been at the scene
about 25 minutes the automobile of the plaintiff approached headed
west; that the plaintiff stopped "in the road alongside my car where
I was" without any signal on his part (plaintiff testified that de-
fendant Morris Johnson waved him to stop with his flashlight), and
that he asked plaintiff "if he knew where I could get some oil to put
back in the motor." Plaintiff parked his car in front of the Johnson
automobile, his headlights shining ·on it, and was leaning over the
front end under the hood when the Johnson car was struck in the
rear by an automobile being operated by the defendant Murphy.

The evidence is conflicting as to whether the defendant Morris
Johnson requested the plaintiff to help repair the broken oil line;
whether plaintiff asked him to "signal the other car"; and whether
plaintiff was or could have been actually repairing the car in the
position that he was standing when the collision occurred.

The automobile being driven by the defendant Murphy was travel-

ing in an easterly direction, approaching the Johnson automobile from the rear. There is no doubt that both the plaintiff and the defendant Morris Johnson were aware that an automobile was approaching and that there was ample room on the paved portion of the road for the Murphy car to pass in safety. According to plaintiff's evidence there was 15 or 16 feet of open paved highway to the north of the two cars and four feet of shoulder on the north side, making a total of 19 or 20 feet available for passing.

The testimony of Morris Johnson with respect to his headlights on the front of the car was corroborated by the plaintiff and there was no testimony contradicting his testimony with respect to the tail lights. According to the evidence in this case, the defendant Murphy was intoxicated.

The Murphy car crashed into the rear of the Johnson car, pushed it forward into the plaintiff's automobile, and crushed plaintiff between the latter two cars, breaking his leg and causing other injuries.

The defendant Murphy did not file answer and, during the course of the trial, the defendants Johnson introduced paragraph five of plaintiff's complaint in evidence, which alleged negligence on the part of the defendant Murphy. At the close of plaintiff's evidence the defendants Johnson moved for judgment as of nonsuit which motion was denied. However, the motion was renewed at the close of all the evidence and was allowed.

Issues were submitted to the jury as to the defendant Murphy and were answered in plaintiff's favor. From the judgment of nonsuit as to defendants Johnson, plaintiff appeals, assigning error.

*Isaac C. Wright and Corbett & Fisler for plaintiff, appellant.*

*Poisson, Campbell & Marshall and L. J. Poisson, Jr., for defendants Johnson, appellees.*

DENNY, J. The appellant's first assignment of error is based on exceptions to the ruling of the trial judge in sustaining the defendants' objection to the following question: "At Malpass' Corner could he have gotten his car completely off the hard surface road?" and allowing defendants' motion to strike the answer of the plaintiff which was made voluntarily in the affirmative.

There is no evidence in this record that the defendant Morris Johnson knew anything about the condition of the road at Malpass' Corner or that he knew Malpass' Corner was nearby. In fact, he testified, "I do not frequently drive that road. I did not know exactly where I was as far as side roads or anything else. After the motor almost

stopped it began squealing. I raised the hood and checked the oil line and it was broken."

The proffered evidence was inadmissible, calling for a conclusion and, likewise, in light of the evidence, it was inadmissible to establish negligence on the part of Morris Johnson with respect to the place where he parked his car. Moreover, J. R. Roupe, a State Highway Patrolman, was permitted to testify on behalf of the plaintiff, without objection, as follows: "At Malpass' Corner about 100 yards from the scene the shoulder is approximately 25 feet wide. This extends westwardly from the road intersection about 70 feet."

In *Price v. Gray*, 246 N.C. 162, 97 S.E. 2d 844, it is pointed out that "an exception is waived when other evidence of the same import is admitted without objection. *Hughes v. Anchor Enterprises, Inc.*, 245 N.C. 131, 95 S.E. 2d 577; *Spears v. Randolph*, 241 N.C. 659, 86 S.E. 2d 263; *Wilson v. Commercial Finance Co.*, 239 N.C. 349, 79 S.E. 2d 908; *White v. Price*, 237 N.C. 347, 75 S.E. 2d 244." This assignment of error is without merit and is therefore overruled.

The second assignment of error is directed to the introduction of paragraph five of the complaint over the objection of the plaintiff (exception No. 3), and to the refusal of the court to permit the plaintiff to offer in reply paragraph six of his complaint (exception No. 4).

The defendants Johnson were permitted to read into evidence paragraph five of the complaint wherein plaintiff alleges specific acts of negligence against the defendant Murphy. Defendant Murphy had been served with summons and complaint and did not file answer. Under G. S. 1-159 this constitutes an admission of the allegations. *Wilson v. Chandler*, 235 N.C. 373, 70 S.E. 2d 179. Furthermore, the defendants Johnson had admitted allegations contained in paragraph five of the complaint and had made similar allegations against the defendant Murphy in their further answer and further defense to which the defendant Murphy made no reply. Where an allegation in the complaint is not denied in the answer it is admitted and is as effectual as if found by the jury. *Bonham v. Craig*, 80 N.C. 224. Exception No. 3 is without merit.

The refusal of the court, upon objection, to permit the plaintiff to introduce in evidence in his own behalf paragraph six of his complaint was proper, since the defendants Johnson had denied the allegations contained therein. Exception No. 4 is likewise without merit and therefore the second assignment of error is overruled.

The third assignment of error challenges the correctness of his Honor's ruling in sustaining the motion of defendants' Johnson for judgment as of nonsuit.

The only allegations of negligence made by the plaintiff against the defendant Morris Johnson are set forth in paragraph four of the complaint as follows: "The defendant Morris Johnson was negligent in that he did not have any flares or lights back behind his automobile and did not give any warning to approaching automobiles that he was partly on the hard surface road, and though he had a flashlight he did not flag down the oncoming car though he had ample time to do so; though he could see that the oncoming car and driver was not conscious of the location of his automobile and apparently was not going to turn out to pass.

The plaintiff has elected to allege only two acts or omissions as negligence against the defendant Morris Johnson: (1) The failure to put out flares or lights behind the disabled vehicle, and (2) the failure to warn the approaching vehicle of the position of his vehicle on the highway. There is no allegation with respect to any failure on the part of the defendant Morris Johnson to exercise due care under the circumstances involved, or any failure on his part to warn plaintiff with respect to the approaching car. Plaintiff's evidence clearly established the fact that he was fully aware of the presence of the approaching car but that he paid no attention to it. He testified, "We heard this oncoming car * * *. Both of us heard Roosevelt's car coming * * * I heard the car coming but I did not know how far off it was * * * I stayed between the two cars, as the noise of the oncoming car continued to grow louder. I didn't look up to see where the car was." Furthermore, a failure to warn the plaintiff of what he already knew is without significance. *Petty v. Print Works*, 243 N.C. 292, 304, 90 S.E. 2d 717.

The plaintiff contends that the defendant Morris Johnson violated the provisions of G.S. 20-161 which provides in pertinent part as follows: "(a) No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway: Provided, in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of two hundred feet in both directions upon such highway: * * * Provided further that in the event that a truck, trailer or semi-trailer

be disabled upon the highway that the driver of such vehicle shall display, not less than two hundred feet in the front and rear of such vehicle, a warning signal: * * * red flares or lanterns * * * (c) The provisions of this section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position."

Under the facts disclosed on this record, it would seem that the defendant Morris Johnson did not violate any of the provisions of the above statute. In the first place, the car was so parked as to leave not less than 15 feet upon the main traveled portion of the highway opposite the parked car for the free passage of other vehicles on the highway. Moreover, the evidence established the fact that a clear view of the parked car could be obtained from a distance of more than 200 feet in both directions upon the highway. Furthermore, the requirement with respect to placing "red flares or lanterns" on the highway applies to trucks, trailers or semi-trailers disabled on the highway and not to automobiles. The provisions of G.S. 20-161 do not "apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position."

In the instant case, if it should be conceded that it was negligence on the part of the defendant Morris Johnson to park the car in the manner and at the place it was parked, such negligence must have been the proximate cause of plaintiff's injuries or one of the proximate causes thereof before the plaintiff would be entitled to recover against the defendants Johnson. *Burke v. Coach Co.*, 198 N.C. 8, 150 S.E. 636; *Ham v. Fuel Co.*, 204 N.C. 614, 169 S.E. 180; *Powers v. Sternberg*, 213 N.C. 41, 195 S.E. 88; *Holland v. Strader*, 216 N.C. 436, 5 S.E. 2d 311; *Peoples v. Fulk*, 220 N.C. 635, 18 S.E. 2d 147.

In the case of *Powers v. Sternberg, supra*, this Court, speaking through *Stacy, C. J.*, said: "Even if it be conceded that defendant's truck was negligently parked on the side of the road, * * * which may be doubted on the facts revealed by the record, * * * still it would seem that the active negligence of the driver of the Bedenbaugh car was the real, efficient cause of plaintiff's intestate's death. * * *" (Citations omitted) This case and the cases of *Skinner v. Evans*, 243 N.C. 760, 92 S.E. 2d 209, and *Basnight v. Wilson*, 245 N.C. 548, 96 S.E. 2d 699, as well as many other cases, constitute ample authority in support of the ruling below in allowing the judgment as of nonsuit.

It is regrettable indeed that the plaintiff suffered such serious injuries in the collision involved in this action. However, the record reveals no negligence on the part of the defendant Morris Johnson that would justify the submission of the case to a jury based on the allegations of negligence contained in the complaint and the evidence adduced in the trial below. The plaintiff's injuries resulted from the heedless and irresponsible conduct of the defendant Murphy who was driving his car while under the influence of an intoxicating liquor or narcotic drug. The defendant Morris Johnson was under no duty to anticipate negligence on the part of other motorists upon the highway. *Reeves v. Staley*, 220 N.C. 573, 18 S.E. 2d 239; *Skinner v. Evans, supra; Basnight v. Wilson, supra.*

In the trial below there is no error in law.

Affirmed.