RONDA JOY WILLIAMS KING v. SANDRA HUDSON ALLRED, LLOYD G. HARZE AND NU-CAR CARRIERS, INC.

No. 93A83

(Filed 9 August 1983)

**Automobiles and Other Vehicles § 87.8— truck improperly parked on high-way—automobile driver intoxicated—no insulating negligence**

In an action to recover for injuries to a passenger in an automobile which struck a truck parked on the highway at night, the negligence of the truck driver in parking on the traveled portion of the highway and in failing to mark the parked truck with lights or flares was not insulated as a matter of law by the negligence of the driver of the automobile in driving while intoxicated. G.S. 20-134; G.S. 20-16(a).

Justice MARTIN dissenting.

APPEAL by plaintiff, pursuant to G.S. 7A-30(2) of the decision of the Court of Appeals (*Judge Hill*, with *Judge Johnson* concurring, and *Judge Arnold* dissenting) reported at 60 N.C. App. 380, 299 S.E. 2d 248 (1983). The Court of Appeals affirmed the order of *Kivett, J.*, granting summary judgment for defendant Harze and his employer Nu-Car Carriers, Inc., and dismissed with prejudice the plaintiff's action against these two defendants.

A motion for summary judgment is decided by the trial court upon a review of the pleadings, depositions, answers to interrogatories, admissions and affidavits presented in the case. Rule 56 of the Rules of Civil Procedure; *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). In this case the evidence reveals that the plaintiff, Ronda Joy Williams King and one of the defendants, Sandra Hudson Allred, left Ms. Allred's home in Trinity, North Carolina and drove to a bar in Greensboro. While the two women were at the bar they drank some beer. Sometime around 2:00 a.m. they left the bar intending to return to Ms. Allred's home in Trinity. According to defendant Allred both women were intoxicated when they left the bar in Greensboro.

While en route from Greensboro to Trinity the defendant Allred drove her 1974 Pontiac automobile in a southerly direction along rural paved road 1419, which is a service road leading to Interstate 85. Ms. Allred stated that the road was 36 feet wide and straight except for one curve approximately 500 feet prior to the point of impact and that she was driving 45 M.P.H. at all times. Ms. Allred also stated that as she drove down rural road 1419 she saw an approaching vehicle with bright lights; that the night was dark and there were no other lights on the road. Ms. Allred stated that she saw the defendant's truck parked in her lane of travel only "a second or two" before the collision. There were no lights on the truck, no flares on the roadside, and no other lights which might have indicated to an approaching motorist that a vehicle was stopped in the road. The time of the accident was estimated to be 2:30 a.m.

In an affidavit made several months after the accident Ms. Allred stated that the plaintiff, Ms. King, freely entered her car for the purpose of receiving a ride to her automobile. In addition Ms. Allred stated "at the time of the accident, I was under the influence of intoxicants and I did not see the truck in time to avoid colliding with it" and "that she was unable to operate an automobile in a careful and prudent manner. . ." The investigating officer stated that although he detected the odor of alcohol on Ms. Allred's breath he did not believe she was under the influence of alcohol at the time of the accident.

All defendants entered motions for summary judgment. The trial court granted the motions made by defendant Harze and defendant Nu-Car Carriers, Inc. but denied a similar motion made by defendant Allred. The reasoning of the trial court was that the negligence of Ms. Allred intervened and insulated the negligence of defendants Harze and Nu-Car Carriers, Inc. In short the trial court held, and the Court of Appeals agreed, that the negligence of Ms. Allred was the sole proximate cause of plaintiff's injury. Plaintiff appealed from the decision of the Court of Appeals as a matter of right in light of the dissenting opinion.

*Raymond A. Bretzmann of Bretzmann, Brinson and Bruner for the plaintiff-appellant.*

*G. Marlin Evans of Nichols, Caffrey, Hill, Evans and Murrelle for the defendants Harze and Nu-Car Carriers, Inc.*

COPELAND, Justice.

The sole issue before us is whether the trial court properly granted summary judgment for defendants Harze and Nu-Car Carriers, Inc., which dismissed with prejudice the plaintiff's claims against these defendants. We hold that the trial court erred in granting these defendants' motions for summary judgment.

Generally, issues arising in a negligence case are not susceptible to summary adjudication. *Moore v. Fieldcrest Mills, Inc.,* 296 N.C. 467, 251 S.E. 2d 419 (1979). "It is only in exceptional negligence cases that summary judgment is appropriate. (Citations omitted.) This is so because the rule of a prudent man (or other applicable standard of care) must be applied, and ordinarily the jury should apply it under appropriate instructions from the Court." *Page v. Sloan,* 281 N.C. 697, 706, 190 S.E. 2d 189, 194 (1972). In this case, as in all summary adjudications, the moving party may prevail upon his motion only if he establishes that there is no triable issue of fact. *Page v. Sloan,* 281 N.C. 697, 190 S.E. 2d 189 (1972). In addition, factual inferences arising from the evidence must be drawn against the moving party. *Caldwell v. Deese,* 288 N.C. 375, 218 S.E. 2d 379 (1975). In the case *sub judice* there is a triable issue of fact as to the proximate cause of the collision and the resulting injury to the plaintiff.

The facts of this case reveal the presence of two negligent groups, (1) defendant Harze and his employer, defendant Nu-Car Carriers, Inc. and (2) defendant Allred. When the defendant Harze parked the truck owned by Nu-Car Carriers, Inc., on the portion of the highway used for travel without displaying any lights or flares whatsoever he violated G.S. 20-134 which is negligence *per se. Barrier v. Thomas and Howard Co.,* 205 N.C. 425, 171 S.E. 626 (1933). In addition it is a violation of G.S. 20-161(a), to leave a vehicle on the main traveled portion of the highway beyond municipal corporate limits unless it is impossible to move the vehicle due to a breakdown. Defendant Harze also violated G.S. 20-161(a) and such violation is negligence *per se. Hughes v. Vestal,* 264 N.C. 500, 142 S.E. 2d 361 (1965). The negligence of defendant Harze is imputed to defendant Nu-Car Carriers, Inc., since agency is admitted in the pleadings. *Jackson v. Mauney,* 260 N.C. 388, 132 S.E. 2d 899 (1963); *Dowdy v. R.R.,* 237 N.C. 519, 75 S.E. 2d 639 (1953). The

second negligent party in this case is defendant Allred who admits to driving her vehicle while under the influence of intoxicants which prevented her from operating the automobile in a careful and prudent manner. This act is negligence *per se. Watters v. Parrish,* 252 N.C. 787, 115 S.E. 2d 1 (1960).

Conceding that both sets of defendants were negligent *per se* in their actions, the Court of Appeals held, as did the trial court, that the negligence of defendant Allred was the sole proximate cause of the collision and thereby insulated from liability the negligence of defendants Harze and Nu-Car Carriers, Inc. In short, the Court of Appeals held that no collision would have occurred but for the negligence of defendant Allred. The doctrine of insulating negligence and the criteria for determining its application apparently is composed of two tests. In the first test the court views the collision from the position of the original negligent actor. Chief Justice Stacy noted in *Butner v. Spease,* 217 N.C. 82, 6 S.E. 2d 808 (1940) that, "[t]he test by which the negligent conduct of one is to be insulated as a matter of law by the independent negligent act of another, is reasonable unforeseeability on the part of the original actor of the subsequent intervening act and resultant injury." 217 at 89, 6 S.E. 2d at 812. In the second test the Court views the collision from the position of the second or intervening negligent party. In *Powers v. Sternberg,* 213 N.C. 41, 195 S.E. 88 (1938) Chief Justice Stacy said, in citing *Kline v. Moyer,* 325 Pa. 357, 191 A. 43 (1937), as setting out a practical statement of the rule of insulating negligence that, " 'where a second actor has become aware of the existence of a potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability because the condition created by him was merely a circumstance of the accident and not its proximate cause.' " 213 N.C. at 44, 195 S.E. at 90.

Although this Court has applied two distinct tests for determining whether the negligence of one party should be excused because of the intervening negligence of another, there is a common thread which weaves its way through both of Chief Justice Stacy's comments on the doctrine of insulating negligence. The question is not when should the second actor carry the entire burden but when should the first actor be totally relieved of all

liability. The common thread in these two tests is foreseeability. Under the first test as set out in *Butner v. Spease, supra*, the first actor is relieved of all liability because he could not be expected to foresee the subsequent intervening negligent act and resulting injury. Under the second test set out in *Powers v. Sternberg, supra*, the first actor is free of liability because. he could not be expected to foresee that the second actor would ignore the dangerous conditions created by the first actor.

In the case *sub judice* the original negligent party, Harze, personally could have foreseen the negligence of the defendant Allred and the resultant collision. Likewise, there is nothing in the record which suggests that the defendant Allred became aware of the dangerous conditions created by the negligence of defendant Harze in time to avoid the accident. In *Powers v. Sternberg*, 213 N.C. 41, 195 S.E. 88 (1938) Chief Justice Stacy, in citing *Kline v. Moyer, supra*, stated, " 'where, however, the second actor does not become apprised of such danger until his own negligence, added to that of the existing perilous condition, has made the accident inevitable, the negligent acts of the two tortfeasors are contributing causes. . . .' " 213 N.C. at 44, 195 S.E. at 90. The evidence presented before the trial court in this case does not resolve a crucial question of fact, to-wit, whether a reasonable and prudent person traveling south along rural road 1419 at 2:30 a.m., who encountered an approaching vehicle with bright lights, would have observed the unlighted truck in time to avoid colliding with it. The question of what was the proximate cause of the collision can be decided in one of three ways under the facts in this case: (1) that the negligence of defendant Allred was the sole proximate cause, (2) that the negligence of defendant Harze was the sole proximate cause and (3) that the negligence of all the defendants combined and were contributing proximate causes of the collision.

It is not enough to establish liability if all that can be shown is that an actor was negligent. There must be a showing or determination of proximate cause. Justice, later Chief Justice, Sharp wrote in *Atkins v. Moye*, 277 N.C. 179, 176 S.E. 2d 789 (1970) that, "unquestionably a motorist is guilty of negligence if he operates a motor vehicle on the highway while under the influence of intoxicating liquor. Such conduct, however, will not constitute either actionable negligence or contributory negligence unless — like any

other negligence—it is causally related to the accident. Mere proof that a motorist involved in a collision was under the influence of an intoxicant at the time does not establish a causal relation between his condition and the collision." (Citations omitted.) 277 N.C. at 186, 176 S.E. 2d at 794. Even though a motorist must exercise ordinary care when driving at night, the doctrine of insulating negligence was "not designed to require infallibility of the nocturnal motorist, or to preclude him from recovery of compensation for an injury occasioned by collision with an unlighted obstruction whose presence on the highway is not disclosed by his own headlights or by other available lights." Speaking through Justice Ervin in *Thomas v. Motor Lines*, 230 N.C. 122, 132, 52 S.E. 2d 377, 383-384 (1949).

Under the facts of this case we cannot say as a matter of law that the negligence of the defendant Allred was the sole proximate cause of the collision which resulted in injury to the plaintiff. The statements made by defendant Allred clearly establishes that she was negligent in operating her automobile. Ms. Allred's affidavit states in part:

(A)t the time of the accident, I was under the influence of intoxicants and I did not see the truck in time to avoid colliding with it; . . . Just before the accident, this affiant was intoxicated to the extent that she was unable to operate an automobile in a careful and prudent manner or keep it under proper control.

Although this statement settles the issue of her negligence it does not determine as a matter of law the causal relationship between her negligence and the accident. The facts simply do not preclude a finding by the jury that the defendants', Harze and Nu-Car Carriers, Inc., negligence was *a* proximate cause or *the* sole proximate cause of the collision. For these reasons summary judgment was not proper in this case.

We, therefore, reverse the ruling of the Court of Appeals and remand this case to that court for remand to Superior Court, Guilford County for trial.

Reversed and remanded.

Justice MARTIN dissenting.

I dissent. The trial judge granted summary judgment in favor of defendants Harze and Nu-Car Carriers, Inc. Defendant Allred's motion for summary judgment was denied; however, that ruling was not before the Court of Appeals and has not been presented to this Court. The Court of Appeals affirmed the dismissal of plaintiff's action against Harze and Nu-Car Carriers, Inc.

The result reached by the Court of Appeals was correct, and I vote to affirm. The Court of Appeals held that the trial court ruled "that the negligence of Allred insulated the negligence of Harze and Nu-Car Carriers, Inc."

In this case all of the defendants were negligent as a matter of law. Allred was negligent in operating her car while intoxicated. Harze and Nu-Car Carriers, Inc. were negligent in parking the truck in violation of N.C.G.S. 20-134. The question of whether Allred's negligence insulated the negligence of Harze and Nu-Car Carriers, Inc. was proper for disposition in the summary judgment hearing. There was no genuine issue as to any material fact before the trial court. *McNair v. Boyette*, 282 N.C. 230, 192 S.E. 2d 457 (1972).

All the evidence shows that both plaintiff and her host driver, Allred, were intoxicated at the time of the collision. The majority, with understandable but undue restraint, states that the two women "drank some beer." In my view of the record, a more accurate statement is that they were completely soused. The record shows:

> State whether you [Allred] or Ronda Joy Williams King had consumed any alcoholic beverages or taken any druges [*sic*] or medication within eight (8) hours prior to said occurrence, the place where the same were obtained, and the nature and the amount thereof, and the time last quantity was ingested.
>
> ANSWER: Yes, at Lounge; beer; we were both intoxicated. We had been together all evening.
>
> \*    \*    \*    \*
>
> Q. Mrs. King, are you aware of the fact that Sandra Allred has filed in this case a statement under oath that both

you and she were intoxicated at the time this accident occurred?

A. Do I know that she has said that?

Q. Yes.

A. Yes, sir.

Q. Do you agree that that's true?

A. That we were both drinking?

Q. That you were both intoxicated?

A. Yes, sir.

*   *   *   *

SANDRA HUDSON ALLRED, being first duly sworn, deposes and says:

. . . [T]his affiant and Ronda Williams (now Ronda Williams King) drank beer at the lounge and both of them had consumed beer together before they ever went to the lounge; that when they decided to leave the lounge to go back to their homes in High Point, they were both very intoxicated; that Ronda Williams could have spent the rest of the night at the lounge or arranged for other transportation to her home, but she walked to this affiant's automobile and got into the passenger's seat of the automobile on her own free will; that after she got in the automobile, she leaned back and closed her eyes, as if she were dozing or asleep; that from the time she got into the automobile until the time of the accident, she made no statement to me about the manner in which I was driving the automobile; at the time of the accident, I was under the influence of intoxicants and I did not see the truck in time to avoid colliding with it; on the other occasions Ronda and this affiant had left their homes in High Point and gone to Greensboro for the evening, where they consumed beer and got intoxicated, and this affiant drove the automobile back to their homes in High Point, and on those occasions, the plaintiff voluntarily got into the automobile and rode back to High Point with this affiant and on those occasions they did not have an accident. Just before

the accident, this affiant was intoxicated to the extent that she was unable to operate an automobile in a careful and prudent manner or keep it under proper control.

All the evidence shows that not only was defendant Allred intoxicated while she was driving the car, she was intoxicated to such an extent that she could not operate the car in a careful and prudent manner. Allred was negligent as a matter of law. *Watters v. Parrish*, 252 N.C. 787, 115 S.E. 2d 1 (1960).

I find this case to be controlled by *Powers v. Sternberg*, 213 N.C. 41, 195 S.E. 88 (1938). In *Powers*, plaintiff's decedent was riding as a passenger in a car operated by one Bedenbaugh. The car collided with a truck negligently parked on the highway. There was ice on the highway and Bedenbaugh knew the road was slick. Bedenbaugh had consumed some alcoholic liquor. He struck the parked truck with such force that it was knocked several feet, his car was demolished and plaintiff's decedent instantly killed. This Court, through Chief Justice Stacy, held that the negligence of defendants in parking the truck on the highway was insulated by the active negligence of Bedenbaugh.

> There are a few physical facts which speak louder than some of the witnesses. The force with which the Bedenbaugh car ran into the truck, with its attendant destruction and death, establishes the negligence of the driver of the car as the proximate cause of the injury. . . .
>
> . . . .
>
> The parking of the truck, if a remote cause, was not the proximate cause of the injury. . . . The conduct of Wallis would have produced no damage but for the active intervening negligence of Bedenbaugh. This exculpates the defendants.

*Id.* at 43-44, 195 S.E. at 89 (citations omitted). *See McNair v. Boyette, supra; Rowe v. Murphy*, 250 N.C. 627, 109 S.E. 2d 474 (1959); *Basnight v. Wilson*, 245 N.C. 548, 96 S.E. 2d 699 (1957); *Skinner v. Evans*, 243 N.C. 760, 92 S.E. 2d 209 (1956); *Loving v. Whitton*, 241 N.C. 273, 84 S.E. 2d 919 (1954).

So here, as in *Powers v. Sternberg*, the physical facts establish the negligence of Allred as the sole proximate cause of

plaintiff's injuries. Allred admitted that she "was under the influence of intoxicants and I did not see the truck in time to avoid colliding with it" and that "[j]ust before the accident, this affiant was intoxicated to the extent that she was unable to operate an automobile in a careful and prudent manner or keep it under proper control."

The majority states that Harze "personally could have foreseen the negligence of the defendant Allred." A person using the highway is not bound to anticipate that another will be negligent. He may assume until the last moment that others will obey the rules of the road and drive in a reasonably prudent manner. *Loving v. Whitton, supra.*

Although I do not embrace all the language of the Court of Appeals opinion, particularly its reference to what Allred could have seen if she had not been intoxicated, the correct result was reached. The negligence of Allred insulated the negligence of Harze and Nu-Car Carriers in leaving the truck parked on the highway. *Powers v. Sternberg, supra.* I vote to affirm the Court of Appeals.