MRS. LUCILLE WILDER v. CARLTON H. HARRIS, MRS. JANE H. STEWART AND EDWIN STEWART.

AND

MRS. ESTELLE WILDER EDWARDS v. CARLTON H. HARRIS, MRS. JANE H. STEWART AND EDWIN STEWART.

(Filed 15 December, 1965.)

**1. Trial § 21—**

On motion to nonsuit, the evidence must be considered in the light most favorable to plaintiffs, giving them the benefit of the most liberal interpretation of which it is reasonably susceptible.

**2. Automobiles § 17—**

When two drivers approach at approximately the same time an intersection uncontrolled by traffic signs, it is the duty of the motorist on the left to yield the right of way, G.S. 20-155, and the motorist on the right has the right to assume he will be given the right of way and act on this assumption until he is given notice to the contrary.

**3. Automobiles § 41g—**

In this action by passengers in a car, the physical facts indicated that both vehicles entered an intersection at about the same time, plaintiffs' driver being on the right. The only eye-witness was one of plaintiffs who testified that plaintiffs' driver was driving at some 35 MPH in a normal manner with nothing to complain of about in her driving, and that immediately before the accident the witness saw the headlights of a car approaching the intersection from the witness' left. *Held:* There is no sufficient evidence that plaintiffs' driver was guilty of negligence constituting a proximate cause of the accident.

APPEAL by plaintiffs from *Hall, J.,* March, 1965 Session, VANCE Superior Court.

The plaintiffs instituted these civil actions to recover for the personal injuries they sustained as a result of a motor vehicle collision at the intersection of Wester Avenue and Montgomery Street in Henderson. Wester Avenue, built for north-south traffic, is 36 feet wide. Montgomery Street, built for east-west traffic, is also 36 feet wide. They intersect at right angles.

The plaintiffs brought separate actions which were consolidated and tried together. At the time of their injuries, both were passengers in a Volkswagon being driven north on Wester Avenue by its owner, Jane H. Stewart. The vehicle was in collision with the 1957 Chevrolet driven eastwardly on Montgomery Street by its owner, Carlton H. Harris. There were no traffic controls on either street at the intersection. The collision occurred about 8:30 p.m. on October 19, 1963.

The plaintiffs allege the defendant, Jane H. Stewart was guilty of these negligent acts:

WILDER *v.* HARRIS AND EDWARDS *v.* HARRIS.

"(a) In that the defendant Jane H. Stewart failed to use due care, caution and circumspection.

"(b) In that the defendant Jane H. Stewart drove the said Volkswagon Automobile into the said intersection when she saw or should have seen the automobile being operated by the defendant Carlton H. Harris, approaching the intersection at a high and unlawful rate of speed.

"(c) In that the defendant Jane H. Stewart entered the said intersection and continued to drive into the intersection without bringing her said motor vehicle to a stop, or without slowing the same to prevent a collision with the automobile being driven by the defendant Carlton H. Harris.

"(d) In that the defendant Jane H. Stewart entered the intersection without keeping a proper lookout and without exercising due caution."

The investigating officer testified the debris was located a few feet to the east of the center of the intersection. From that point skid marks extended westwardly on Montgomery Street in a continuous line for 30 feet. Twelve feet of these marks were west of the intersecting street line. Skid marks extended southwardly on Wester for 21 feet. Nine feet of the skidmarks were south of the intersecting line. The Volkswagon was damaged on the left side — the Chevrolet was damaged on the front.

Mrs. Estelle Wilder Edwards, one of the plaintiffs, testified she and her sister-in-law, Mrs. Wilder, the plaintiff in the companion case, were passengers in the Volkswagon being driven by the defendant, Mrs. Jane H. Stewart, north on Wester at a speed of about 35 miles per hour. ". . . I saw headlights on a car coming on Montgomery Street on my left as we approached the intersection. It was dark. The lights were on on Mrs. Stewart's car. I was right close to the intersection when I observed the lights coming on my left. . . . The lights were shining through the bushes (growing on the southwest corner lot at the intersection). . . . Mrs. Stewart was driving at a normal speed until she approached the intersection. . . . She continued to drive in a normal fashion. I never at any time complained about the manner in which she drove. There was nothing to complain about. . . . It is fair to say that I simply saw some lights and don't know exactly where I was in regard to the intersection."

Mrs. Edwards did not remember anything after seeing the lights approaching on Montgomery Street. Mrs. Wilder, the other plaintiff, does not recall anything after the Volkswagon entered Wester

Avenue until she regained consciousness in the hospital. Both passengers were injured in the collision.

At the conclusion of the plaintiff's evidence the court sustained a motion for judgment of involuntary nonsuit in the actions against Mrs. Stewart. Thereupon the plaintiffs took a voluntary nonsuit in their actions against the defendant Harris. The plaintiffs appealed.

*Perry, Kittrell, Blackburn & Blackburn by Charles F. Blackburn for plaintiff appellants.*

*Dupree, Weaver, Horton, Cockman & Alvis by F. T. Dupree, Jr., J. C. Proctor for defendant appellee, Mrs. Jane H. Stewart.*

HIGGINS, J.  The appeal presents for review the question of law whether the evidence offered was sufficient to permit the jury to find from it that the defendant, Mrs. Jane H. Stewart, was guilty of any acts of negligence properly alleged which constituted a proximate cause of the injuries and damages sustained by the plaintiffs in the collision. The evidence must be considered in the light most favorable to the plaintiffs, giving them the benefit of the most liberal interpretation of which it is reasonably susceptible. *Kinlaw v. Willetts,* 259 N.C. 597, 131 S.E. 2d 351; *Boyd v. Harper,* 250 N.C. 334, 108 S.E. 2d 598; *Wilson v. Camp,* 249 N.C. 754, 107 S.E. 2d 743; *Taylor v. Brake,* 245 N.C. 553, 96 S.E. 2d 686.

The plaintiff, Mrs. Edwards, gave the only eyewitness account of what occurred at the intersection. Her testimony is direct and unequivocal. It discloses that the defendant was driving her Volkswagon north on Wester Avenue at about 35 miles per hour and in attempting to cross Montgomery Street a collision occurred in which the front of the Chevrolet driven by the defendant Harris struck the left side of the defendant's Volkswagon in which the plaintiffs were riding as passengers. Skid marks of the Chevrolet extended westward 30 feet from the point of impact. The skid marks from the Volkswagon extended 21 feet southward on Wester. The intersection was not controlled by any traffic signs or signals. Mrs. Edwards at some time before entering the intersection (no other estimate) saw through the bushes on the corner lot the headlights of an approaching automobile, presumably the Chevrolet driven by Harris who admitted in his answer that he was the driver of the vehicle which collided with the Stewart Volkswagon. The skid marks and the point of collision indicated the two vehicles entered the intersection at approximately the same time. As the two drivers approached the intersection, uncontrolled by traffic signs, it was the duty of the defendant Harris to yield the right of way to the ve-

hicle on his right. G.S. 20-155; *Rhyne v. Bailey,* 254 N.C. 467, 119 S.E. 2d 385; *Mallette v. Cleaners, Inc.,* 245 N.C. 652, 97 S.E. 2d 245; *Carr v. Lee,* 249 N.C. 712, 107 S.E. 2d 544. The defendant, Mrs. Stewart, had the right to assume and act on the assumption until given notice to the contrary that the operator of any vehicle approaching the intersection to her left would obey the law and yield the right of way. *Rhyne v. Bailey, supra; Carr v. Lee, supra; Downs v. Odom,* 250 N.C. 81, 108 S.E. 2d 65.

The evidence of negligence on the part of Mrs. Jane H. Stewart was insufficient to support an issue of any of the acts of negligence charged, and the judgment of involuntary nonsuit as to her is

Affirmed.