HOMER LIENTHALL, ADMINISTRATOR OF THE ESTATE OF BLENNER KIDD
SMOTHERS, JR., DECEASED, v. JUANITA KASPROURITZ GLASS,
JERRY LOGAN GLASS, ELBERT LEE HARRELL, EDGAR GRADY
AND HELEN GRADY

No. 68SC219

(Filed 14 August 1968)

1. **Death § 3— wrongful death — burden of proof**

   In an action for wrongful death, plaintiff must allege and prove the
   death of the intestate, defendant's causal negligence, and pecuniary loss.

2. **Trial § 21— motion for nonsuit — consideration of evidence**

   In passing upon a motion for judgment of nonsuit, all the evidence and
   stipulations favorable to the plaintiff must be taken as true and interpreted
   in the light most favorable to him.

3. **Pleadings § 37; Evidence § 23— admissions and new matter in
   answer — proof not necessary**

   Allegations in the complaint which are admitted in the answer and alle-
   gations of new matter in the further answer which are favorable to the
   plaintiff are established without the necessity of introducing them in evi-
   dence.

4. **Trial § 21— motion for nonsuit — consideration of facts admitted
   and new matter in further answer**

   On motion for nonsuit, facts alleged in the complaint which are admitted
   by the answer and allegations of new matter in defendant's further an-
   swer which are favorable to plaintiff are taken as true and are to be con-
   sidered along with the evidence.

5. **Automobiles §§ 10, 18— parking with bright lights facing oncoming
   traffic**

   It is not necessary to a violation of G.S. 20-161.1 that the vehicle be en-
   tirely on the highway, but the statute is violated when a vehicle is parked
   or left standing at night with its bright lights burning in the face of on-
   coming traffic even though it is on the shoulder of the road as far as
   practicable.

6. **Automobiles § 94— contributory negligence — failure to move to po-
   sition of safety because of intoxication**

   In an action for the wrongful death of a passenger in an automobile
   involved in a collision, plaintiff's intestate will not be held contributorily
   negligent as a matter of law in failing to move to a position of safety
   where the evidence tends to show that he could not move because he was
   drunk and had passed out.

7. **Automobiles § 94— contributory negligence of passenger — driver
   intoxicated — passenger intoxicated**

   In an action for wrongful death, plaintiff's intestate will not be held
   contributorily negligent as a matter of law in riding in an automobile
   with an intoxicated driver where there is evidence that would permit the
   jury to find that plaintiff's intestate was drunk and had passed out be-

fore beginning the trip, it being for the jury to determine whether he knew what was going on and consciously committed himself to the assumption of risk of the trip.

**8. Negligence § 35— nonsuit for contributory negligence**

Nonsuit on the ground of contributory negligence will be granted only where the evidence, taken in the light most favorable to plaintiff, establishes contributory negligence so clearly that no other reasonable inference can be drawn therefrom.

**9. Automobiles § 50— parking with bright lights facing oncoming traffic — sufficiency of evidence**

In an action for wrongful death, the evidence *is held* sufficient to be submitted to the jury on the issue of defendant's negligence in violating G.S. 20-161.1 where there is evidence tending to show that defendant had stopped or parked his automobile partially on the road and in the proper lane of travel of the automobile in which plaintiff's intestate was a passenger, that defendant's automobile was standing behind another automobile which was entirely on the shoulder, that defendant's automobile was facing the oncoming automobile in which plaintiff's intestate was riding, that the driver of that automobile was temporarily blinded by a bright light on defendant's vehicle, and that the automobile in which plaintiff's intestate was riding struck defendant's automobile, resulting in the death of plaintiff's intestate.

APPEAL by plaintiff from *Peel, J.,* 4 March 1968 Civil Session of Superior Court of CARTERET County.

Homer Lienthall, as administrator of the estate of Blenner Kidd Smothers, Jr., deceased, filed his complaint, in which he seeks to recover from the defendants, alleging negligence resulting in the wrongful death of the deceased.

Before answering, the defendants Grady demurred to the complaint. The demurrer was allowed, dismissing the action as to them. There was no exception taken to the judgment dismissing the action as to the defendants Grady.

The defendants Glass, answering the complaint, deny negligence on their part, and in the alternative allege that if they were guilty of negligence, the deceased, Blenner Kidd Smothers, Jr., was guilty of contributory negligence.

The defendant Harrell denies any negligence on his part, and in the alternative alleges that if he was guilty of negligence, the deceased, Blenner Kidd Smothers, Jr., was guilty of contributory negligence.

At the close of all the evidence, the court denied the motion of the defendants Glass and granted the motion of the defendant Harrell for judgment of nonsuit. The plaintiff thereupon took a voluntary

nonsuit as to the defendants Glass, excepted to the granting of the motion of defendant Harrell, and appealed to the Court of Appeals assigning error.

*Wheatley & Bennett by Thomas S. Bennett for plaintiff appellant.*

*Ward & Tucker by David L. Ward, Jr., for defendant Harrell appellee.*

MALLARD, C.J.

[1] "In an action for wrongful death, plaintiff must allege, and has the burden of proving, the death of the intestate, defendant's causal negligence, and pecuniary loss." 3 Strong, N. C. Index 2d, Death, § 3, p. 208.

Plaintiff brings forward five assignments of error. The first three relate to the admissibility of the testimony of two witnesses. In view of the granting of a new trial herein as to the defendant Harrell on other grounds, we consider it unnecessary to discuss these three assignments of error. The fifth assignment being purely formal does not require discussion.

The plaintiff's main exception and assignment of error, upon which this case turns, is to the judgment of nonsuit entered at the close of all the evidence upon the motion of the defendant Harrell.

[2] It is elementary that in passing upon a motion by a defendant for judgment of nonsuit against a plaintiff, all of the evidence favorable to the plaintiff must be taken as true and interpreted in the light most favorable to him. *Champion v. Waller*, 268 N.C. 426, 150 S.E. 2d 783. Stipulations favorable to plaintiff must also be considered. *Heating, Inc. v. Construction Co.*, 268 N.C. 23, 149 S.E. 2d 625.

[3, 4] "Facts alleged in the complaint and admitted in the answer are conclusively established by the admission, it not being necessary to introduce such allegations in evidence. *Wells v. Clayton*, 236 N.C. 102, 72 S.E. 2d 16; Stansbury, North Carolina Evidence, § 177. The same is true of allegations of new matter in a further answer, which new matter is favorable to the plaintiff. In passing upon a motion for judgment of nonsuit, all such allegations in the answer are taken to be true and are to be considered along with the evidence." *Champion v. Waller, supra.*

Plaintiff alleged, among other things, and defendant Harrell denied, that the death of plaintiff's intestate was proximately caused

by the negligence of the defendant Elbert Lee Harrell in the following respects:

"(c)   He brought his automobile to a complete stop on the highway and parked his automobile partly on the highway when it was practicable to park the same on the shoulder thereof, in violation of G.S. 20-161;

(d)   He permitted the bright lights of said vehicle to continue burning in the face of oncoming traffic after parking and leaving standing said vehicle at night partly on a highway, in violation of G.S. 20-161.1;

(e)   He failed to use due care and caution in the operation and parking of said vehicle and to do that which an ordinary prudent person would have done under the same or similar circumstances."

The pertinent part of G.S. 20-161 reads as follows:

"(a)   No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway: . . ."

G.S. 20-161.1 reads as follows:

"*Regulation of night parking on highways.* — No person parking or leaving standing a vehicle at night on a highway or on a side road entering into a highway shall permit the bright lights of said vehicle to continue burning when such lights face oncoming traffic."

[9]   The evidence, pleadings, and stipulations in this case interpreted according to the foregoing rules would permit but not compel a jury to find the following to be the facts in this case: That the decedent, Blenner Kidd Smothers, Jr., was 20 years old and died on 23 April 1966 as a result of the collision between the automobile operated by defendant Jerry Logan Glass and the automobile of the defendant Elbert Lee Harrell. On the date of his death the decedent was a member of the United States Navy, and his base pay was $222.90 per month. On the night of 23 April 1966 at approximately 10:00 p.m. the plaintiff's intestate was riding as a passenger in the right front seat of a Chevrolet automobile being operated by Jerry Logan Glass and owned by Juanita Kaspouritz Glass. The Glass automobile was traveling eastwardly on the Salterpath Road, a State maintained highway in Carteret County 20 feet in width, at

a speed from 45 to 65 miles per hour. The night was dark, the weather was clear, and the road was dry. As the Glass automobile approached and came around a curve, the driver observed some 350 to 400 feet down the road the high beam, bright light of an automobile, which appeared to be meeting him in its right lane of travel but which in fact was a bright light on the automobile owned by the defendant Elbert Lee Harrell which had been parked or stopped by the defendant Elbert Lee Harrell on his left side of and partially on the road and in the proper lane of travel for the Glass automobile. The Harrell automobile was parked almost in front of the Grady automobile but farther out into the road than the Grady automobile. The right side of the Harrell automobile projected two or more feet out into the road. Two-thirds of the Harrell automobile was out in the highway. The Harrell automobile had been thus parked for ten to fifteen minutes prior to the collision while Mr. Harrell was putting gas in the Grady automobile. The Grady automobile had run out of gas and was off the paved portion of the road, or almost off. There were no lights on the rear of the Grady automobile, and nothing to indicate to an oncoming automobile that the Harrell automobile was on the wrong side of the highway. The driver of the Glass automobile was momentarily blinded by the bright light on the Harrell automobile. The Glass automobile missed hitting the Grady automobile and struck the right front of the Harrell automobile. From the point of impact, the Glass automobile traveled some sixty feet eastwardly, overturned, and resulted in the death of plaintiff's intestate. Plaintiff's intestate in no way interfered with the operation of the Glass automobile by the defendant Jerry Logan Glass. Mr. Glass had been drinking but was not under the influence of intoxicating beverages when the patrolman talked to him. Mr. Glass admitted that he was under the influence of intoxicating liquors to a "certain extent" at the time he was driving. Plaintiff's intestate had been drinking to the extent that he had "passed out" and was sleeping or passed out on the front seat of the Glass automobile while the others were walking on the beach. Glass awakened him, and he was kind of "cranky." He had been aroused, but as they were proceeding toward home in the Glass automobile, the decedent was not sober; he was drunk and passed out.

The case of *Faison v. Trucking Co.*, 266 N.C. 383, 146 S.E. 2d 450, cited by appellee, is distinguishable from the case before us. In the *Faison* case the evidence was that the corporate defendant's trailer had been stopped on the highway at night, without lights. There was also evidence to the effect that there were lights burning on the rear of the trailer. Plaintiff, a guest in a following car, was

injured when the car crashed into the rear of the trailer. The court held that the evidence was sufficient to require the submission of the issue of negligence to the jury, notwithstanding there was a conflict as to whether lights were burning on the trailer. In the case under consideration there is a conflict as to whether there were any lights on the rear of the Grady automobile, as to whether the Harrell automobile had on its parking lights or its bright lights, and as to how much, if any, of the lights from the Harrell automobile were obscured by the Grady automobile.

The defendant contends the *Faison* case is applicable here. In the *Faison* case the Court said that the terms "park" and "leave standing" as used in G.S. 20-161(a) are synonymous; "and that neither term includes a mere temporary or momentary stoppage on the highway for a necessary purpose when there is no intent to break the continuity of the travel." The defendants contended that the tractor-trailer of defendant had stopped temporarily or momentarily to enable northbound traffic to pass before attempting to pull out into the left lane to pass another tractor-trailer stopped in front of it. The Court held that if the jury should find these to be the facts that the defendants' tractor-trailer was not parked or left standing in violation of G.S. 20-161(a).

[5]     Appellee contends that G.S. 20-161.1 requires that an automobile has to be parked or left standing entirely on the highway, and that there is no violation of the statute when an automobile is off on the shoulder as far as practicable with its bright lights burning facing oncoming traffic. This contention is without merit. The statute even goes so far as to provide that leaving an automobile standing on a side road entering into a highway with the bright lights burning, when such lights face oncoming traffic, is a violation thereof. The statute is directed against the hazard of bright lights on standing vehicles facing oncoming traffic at night.

[6]     The defendant in this case also contends that the factual situation in *Basnight v. Wilson*, 245 N.C. 548, 96 S.E. 2d 699, is virtually identical to the case under consideration. The facts in the *Basnight* case are similar to those in the case under consideration, but there are differences. In the *Basnight* case the plaintiff was a passenger in the automobile that had stopped; he got out and was standing at the rear of the parked automobile having knowledge that he was in a place of danger, when the oncoming automobile collided with the front of the parked automobile. It was held that the plaintiff could have moved to a position of safety, and by failure to do so, the plaintiff was contributorily negligent, and nonsuit was

therefore proper. The distinguishing difference in the case under consideration is that the evidence tends to show that plaintiff's intestate could not move because he became drunk and "passed out" while they were stopped at the beach and before the trip home was commenced.

Defendant appellee also contends that the defendant Glass was under the influence of intoxicating beverages to such an extent that he was incapable of operating an automobile along and over the highways in North Carolina and that the plaintiff's intestate knew, or should have known, of Glass' condition; that the plaintiff's intestate and Glass had been drinking together all day and that plaintiff's intestate was guilty of contributory negligence for that he continued to ride in the automobile knowing that the defendant Glass was under the influence of intoxicating liquor. In the case of *Bank v. Lindsey*, 264 N.C. 585, 142 S.E. 2d 357, cited by defendant, the court held that the evidence disclosed contributory negligence as a matter of law on the part of the intestate, who had been drinking, in voluntarily riding and continuing to ride with an intoxicated driver, and said, among other things, "there is no evidence to the effect that its (plaintiff's) intestate was too drunk to know what was going on."

[7, 8]     There is evidence in this case, which if believed, would permit but not compel the jury to find that the plaintiff's intestate became so drunk while at the beach and at the beginning of the trip home that he did not know what was going on. We are of the opinion and so hold that whether plaintiff's intestate, Blenner Kidd Smothers, Jr., was contributorily negligent in riding in the Glass automobile operated by Jerry Logan Glass would depend, among other things, on whether he knew what was going on and if so, consciously committed himself to the assumption of the risk of the trip home from the beach. We are of the opinion that on the evidence here the question of contributory negligence of the decedent is for the jury. *Litaker v. Bost*, 247 N.C. 298, 101 S.E. 2d 31. Nonsuit on the ground of contributory negligence should not be granted unless the evidence, taken in the light most favorable to plaintiff, establishes contributory negligence so clearly that no other reasonable inference can be drawn therefrom. *Tew v. Runnels*, 249 N.C. 1, 105 S.E. 2d 108.

[9]     We therefore conclude that appropriate issues, including the issues of negligence of the defendant Harrell and contributory negligence of the decedent, Blenner Kidd Smothers, Jr., should have been submitted to the jury under proper instructions and that the

trial court erred in granting the defendant Harrell's motion for nonsuit, which requires a

New trial.

BROCK and PARKER, JJ., concur.