DOROTHY B. WALSER v. CHARLIE PHYNE COLEY

No. 7422SC331

(Filed 5 June 1974)

**Automobiles § 94— intoxicated driver — contributory negligence of passenger — instructions**

In a passenger's action against the driver to recover for injuries sustained in a one-car accident wherein the court instructed the jury that a passenger who enters a car with knowledge that the driver is under the influence of intoxicants and voluntarily rides with him is guilty of contributory negligence, the court erred in failing to instruct the jury that the plaintiff contended and offered evidence that she did not know defendant was under the influence of any intoxicants to the extent that his mental or physical faculties were appreciably impaired, and that defendant, when observed by plaintiff, was acting, walking, talking, dancing and conducting himself in a normal manner.

APPEAL by plaintiff from *Collier, Judge,* 1 October 1973, Civil Session, DAVIDSON Superior Court.

Heard in the Court of Appeals 14 May 1974.

This action was instituted to recover damages for personal injuries sustained in a one-car automobile wreck in the early morning hours of Sunday, 26 July 1970. Plaintiff was riding as the only passenger in the front seat of a Chevrolet automobile owned and driven by the defendant. On a rural paved road in Iredell County just west of the City of Statesville and in open country on a curve, the automobile went off the road and turned over, seriously injuring the plaintiff. Plaintiff alleged that the automobile was being driven at a speed which was greater than was reasonable and prudent under the conditions then existing and in excess of the posted speed limit; that the defendant driver failed to exercise due care and operated the automobile without keeping a proper and careful lookout and without keeping the automobile under reasonable and proper control; and that he drove in a careless and reckless manner.

The defendant denied any negligence on his part and affirmatively alleged that the plaintiff was guilty of contributory negligence in that she had been in the presence of the defendant for an appreciable period of time prior to the journey in question and that she knew, or by the exercise of due care should have known, that the defendant had consumed a quantity of alcoholic beverage and that his mental and physical faculties were appreciably impaired thereby; that despite this knowledge, the plaintiff voluntarily rode in the automobile and that this contributory negligence and assumption of risk on the part of the plaintiff barred her right of recovery.

Plaintiff offered evidence tending to show that on the afternoon and evening of Saturday, 25 July 1970, she was with a friend, a Mrs. Lazenby, and her daughter at the home of Mrs. Lazenby in Salisbury. Mrs. Lazenby formerly lived in Statesville. Plaintiff accompanied Mrs. Lazenby and her daughter in Mrs. Lazenby's automobile to Statesville where they went to the Bamboo Lounge. The Bamboo Lounge was a place where beer was sold and music and dancing available. Before leaving Salisbury, plaintiff had had one drink of whiskey but did not have anything of an alcoholic nature thereafter. At the Bamboo Lounge, plaintiff was introduced by Mrs. Lazenby to the defendant. During the course of the evening, plaintiff danced with the defendant and from time to time observed him drinking beer; but he at no time showed any effects therefrom. They left the Bamboo Lounge and went to the home of friends of Mrs. Lazenby. At this home there was more music and dancing.

Walser v. Coley

Plaintiff danced there with the defendant and testified that the defendant talked all right, walked all right and danced all right and showed no effects of drinking alcohol. Plaintiff had ridden to this home in Mrs. Lazenby's car. When the party broke up, Mrs. Lazenby remarked that she needed some gas for her automobile in order to drive back to Salisbury. The defendant stated that he had the keys to the place where he worked and that he drove a gas tanker, and at this place of business gas would be available for the automobile. Plaintiff had gotten back in the Lazenby automobile, and Mrs. Lazenby had gotten in the automobile with the defendant. A couple of other boys got in the Lazenby automobile; and before leaving Mrs. Lazenby and the plaintiff switched places, with Mrs. Lazenby getting back in the automobile with her daughter, and the plaintiff getting in the automobile with the defendant. They drove to the place where the defendant worked, and he went in the office and turned on the lights to the gas pump. The defendant came out and put gas in his automobile and also in Mrs. Lazenby's automobile. Mrs. Lazenby was going to take the two boys that were in her automobile to some place where they had left their automobile. Defendant was going to drive the plaintiff over to the same place where the plaintiff would get back in Mrs. Lazenby's automobile. It began to drizzle a little rain. The defendant went back inside and turned off the lights and locked the doors, and they left to follow the Lazenby automobile. Plaintiff testified that the defendant at this time was walking all right, and she did not notice anything irregular about the way he spoke; and she had not noticed anything wrong with his driving over to his place of business where the gas was gotten. After they left from getting the gas, the defendant's automobile skidded a couple of times, and the plaintiff told him, "Maybe you'd better slow down a little bit." He said, "I'm a truck driver," and "I can handle this car pretty good." It skidded another time and plaintiff asked him to slow down because she knew Mrs. Lazenby would wait on her until she got there. Plaintiff testified that she asked the defendant to slow down three times, and then he lost control and the car turned over.

The jury answered the negligence issue "Yes" in favor of the plaintiff and then answered the contributory negligence issue "Yes" in favor of the defendant.

From judgment entered upon the jury verdict to the effect that the plaintiff have and recover nothing of the defendant, the plaintiff appealed.

*Barnes and Grimes by Jerry G. Grimes for plaintiff appellant.*

*Walser, Brinkley, Walser and McGirt by Walter F. Brinkley for defendant appellee.*

CAMPBELL, Judge.

Plaintiff excepted and assigns as error certain portions of the charge given by the judge to the jury.

The judge instructed the jury that the defendant claimed that if he was negligent, the plaintiff was also negligent in riding with him and assuming the risk of riding with him when he was driving "as she alleges he was driving and under the condition of intoxication which she alleges, or under the influence of intoxicating beverage which he alleges was his condition on this occasion; that therefore, she should not be entitled to recover if she suffered any injuries." This was a misstatement of the allegations of the plaintiff because she did not make any allegations in her complaint that the defendant was driving while in an intoxicated condition.

Later in the charge when instructing the jury on the second issue of contributory negligence, the judge instructed the jury that a passenger is not absolved from all care for her personal safety but is under the duty of exercising ordinary or reasonable care to avoid injury "particularly when the guest or passenger knows the driver is operating the automobile in a careless or reckless manner or under the influence of some intoxicating beverage, then the duty devolves on her for taking means for her own protection by word or act, it may be her duty to restrain or warn the driver from acts of negligence or from violation of the law."

Again, at the conclusion of the charge and after counsel for the defendant had approached the bench and conversed with the judge, the judge instructed the jury:

"Members of the Jury, it has been pointed out that I may have made an error and misread something to you relative to riding with a person under the influence—as to the second issue I charge you that it is negligence per se for one to operate an automobile while under the influence of some intoxicating beverage. I instruct you further that if one enters a car with the knowledge that the driver is

---

Williams v. Insurance Co.

---

under the influence of intoxicating beverage and voluntarily rides with him, that person is guilty of contributory negligence per se."

At no point in the charge to the jury did the judge instruct the jury that the plaintiff had at all times contended and offered evidence to the effect that she did not know that the defendant was under the influence of any intoxicants to the extent that his mental or physical faculties were appreciably impaired; that at all times the defendant, when observed by the plaintiff, was acting, walking, talking, dancing and conducting himself in a normal manner. We think the plaintiff was entitled to have the judge, in instructing the jury, apply the law to the various factual situations brought out in the evidence. The judge failed to do this with the result that the tenor of the charge was slanted in favor of the defendant on the second issue of contributory negligence. This was prejudicial to the plaintiff and necessitates a new trial.

New trial.

Chief Judge BROCK and Judge BRITT concur.