CLIFTON GATTIS LEE v. RICHARD MARK KELLENBERGER

No. 7511SC466

(Filed 17 December 1975)

1. **Automobiles § 90— summary of testimony by trial court — no error**
   The trial court in his jury instruction was not required to state all of an officer's testimony with respect to the parties' intoxication, but was required only to present in summary every substantial and essential feature of the case; moreover, if plaintiff's counsel felt that the court's condensed statement of the officer's testimony resulted in an incorrect or distorted reflection of that testimony, it was the duty of counsel to call attention thereto and request a correction.

2. **Automobiles § 90— instruction on contributory negligence — repetition of definition unnecessary**
   Where the trial court had previously defined the term "under the influence of intoxicating liquor," it was not necessary for the court to repeat the definition in explaining that plaintiff would be negligent if he voluntarily rode with the defendant knowing that defendant was under the influence of intoxicating liquor.

3. **Automobiles § 90; Rules of Civil Procedure § 51— requested instruction — failure of court to give — no error**
   The trial court did not err in refusing to give an instruction requested by plaintiff concerning plaintiff's knowledge as to the mental or physical impairment of defendant.

ON *writ of certiorari* to review proceedings before *Hall, Judge.* Judgment entered 7 March 1975 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 22 September 1975.

Plaintiff-passenger brought this action to recover damages for personal injuries sustained when defendant-driver's automobile struck and split a utility pole in a single car accident which occurred at 2:45 a.m. on 6 July 1973. Plaintiff and defendant were the only occupants of the car, and they were both injured in the wreck. They had been together since the preceding evening, when they visited the Last Chance Tavern and later went to a party with friends. They were on their way to defendant's house when the accident occurred.

Plaintiff alleged that defendant was negligent in failing to keep a proper lookout, in failing to keep his vehicle under proper control, and in other respects. Defendant denied negligence and pleaded plaintiff's contributory negligence in entering and remaining in defendant's car knowing that the driver was under the influence of intoxicating beverages and was sleepy and that his ability to operate an automobile was substantially impaired. Plaintiff testified that he was himself asleep when the accident occurred.

The jury answered issues of negligence and contributory negligence in the affirmative. From judgment that plaintiff recover nothing in this action, plaintiff appealed but failed to docket the record on appeal in apt time. This court subsequently granted plaintiff's petition for writ of certiorari.

*Levinson & Berkau by Thomas S. Berkau for plaintiff appellant.*

*Mast, Tew & Nall, P.A., by George B. Mast and Joseph T. Nall for defendant appellee.*

PARKER, Judge.

[1] Plaintiff's assignments of error are all directed to the court's charge to the jury. His first assignment of error is based on his exception to the following portion of the charge in which the court was summarizing the testimony of the investigating police officer:

> "He (the police officer) testified that in his opinion the plaintiff and defendant were under the influence of intoxi-

cating liquor but he didn't know to what extent. He testified that in his opinion their mental and physical faculties were affected by intoxicating liquor but he didn't know to what extent."

Plaintiff does not contend that this was in itself an inaccurate statement of the officer's testimony. He contends that it was an incomplete statement in that the court failed to summarize for the jury the officer's explanation of why he did not know to what extent the faculties of plaintiff and defendant were affected by intoxicating liquor. In this connection the officer testified he first saw plaintiff and defendant some thirty minutes after the accident when he interviewed them in the hospital emergency room. He testified that each had the odor of alcohol on his breath, that each had bloodshot eyes, and that in his opinion each was under the influence of an intoxicating beverage, but he did not "know the extent or how much they had had." In explanation, the officer testified that "[d]ue to the fact that those people had been injured, it was harder to tell whether their actions were coming from alcohol or from injuries." Plaintiff contends that by failing to include this explanation in its summary of the officer's testimony, the court "expressed an opinion on the evidence favorable to the defendant." We do not agree.

In its charge to the jury the court is not required to review all of the evidence. It must of necessity condense and summarize. "All that is required is a summation sufficiently comprehensive to present every substantial and essential feature of the case." *Steelman v. Benfield,* 228 N.C. 651, 654, 46 S.E. 2d 829, 832 (1948). Here, the court's summation was sufficient for that purpose. Moreover, if plaintiff's counsel felt that the court's condensed statement of the officer's testimony, by omitting reference to the officer's explanation, resulted in an incorrect or distorted reflection of that testimony, it was the duty of counsel to call attention thereto and request a correction. *Steelman v. Benfield, supra.* This was not done, though counsel was given the opportunity when the court inquired if either side desired further instructions. Plaintiff's first assignment of error is overruled.

[2] In charging the jury on the issue of contributory negligence, the court instructed the jurors that if the defendant had satisfied them by the greater weight of the evidence that the plaintiff failed to exercise due care for his own safety, "or that

Lee v. Kellenberger

he voluntarily rode with the defendant knowing that the defendant was under the influence of intoxicating liquor, that such conduct would constitute negligence." Plaintiff's exception to the quoted portion of the charge is the basis of his second assignment of error. We find no error prejudicial to plaintiff in the portion of the charge excepted to. Earlier in the charge the court, following the formulation approved in *State v. Carroll,* 226 N.C. 237, 37 S.E. 2d 688 (1946), fully and correctly defined for the jury what is meant by being "under the influence of intoxicating liquor" as that phrase is used in G.S. 20-138. It is negligence *per se* for one to operate an automobile while under the influence of intoxicating liquor within the meaning of that statute, and "[i]f one enters an automobile with knowledge that the driver is under the influence of an intoxicant and voluntarily rides with him, he is guilty of contributory negligence *per se.*" *Davis v. Rigsby,* 261 N.C. 684, 686, 136 S.E. 2d 33, 35 (1964). Having previously defined the term "under the influence of intoxicating liquor," it was not necessary for the court to repeat the definition in the portion of the charge excepted to. Plaintiff's second assignment of error is overruled.

[3]    In apt time as provided by G.S. 1A-1, Rule 51(b), plaintiff requested the court to give the following special instruction to the jury:

> "That according to plaintiff's testimony, he had no knowledge of any appreciable impairment of defendant's mental or physical faculties from either intoxication or lack of sleep and if the jury believes this testimony, it should not find plaintiff contributorily negligent in not staying awake to help the defendant drive the car."

The court refused to give the requested instruction, to which plaintiff assigns error. We find no error in the court's refusal. In the first place, plaintiff's contributory negligence did not consist merely in his "not staying awake to help the defendant drive the car." If plaintiff knew that defendant's faculties were in fact appreciably impaired from intoxication or lack of sleep, it would have been contributory negligence for plaintiff to continue to ride in the car with defendant driving, quite apart from whether plaintiff did or did not stay awake. More importantly, it was a question for the jury whether plaintiff knew *or in the exercise of due care should have known* that defendant's faculties were appreciably impaired. The jury's acceptance as true of plaintiff's self-serving testimony that he did not

Lee v. Kellenberger

*know* of any impairment of defendant's faculties would not alone be sufficient to exonerate plaintiff of contributory negligence. There was ample evidence from which the jury could find that in the exercise of due care plaintiff should have known they were. On cross-examination, plaintiff testified:

> "I do know that he (referring to the defendant) was drinking while we were there (referring to the Last Chance Tavern). I just don't know how much.
>
> I do know when we left that I asked him if he had been drinking very much and he said he hadn't been but we didn't go out there with the intention of drinking a lot of beer. . . . . I just asked him if he had been drinking, how many he had to drink. I didn't know he was tired. I was aware that he could have been sleeping during the day while I was working, but I didn't know. But I was concerned about his ability to drive after we left the trailer park."

The evidence shows that the accident occurred after they left the trailer park. The jury could legitimately find from plaintiff's own testimony, that although he did not actually know that defendant's faculties were so impaired that it was no longer safe to continue riding in the car with defendant as the driver, in the exercise of due care for his own safety plaintiff should have known that such was the case. There was no error in the court's refusal to give the requested instruction, and plaintiff's assignment of error directed to such refusal is overruled.

Finally, citing *Walser v. Coley,* 21 N.C. App. 654, 205 S.E. 2d 366 (1974), plaintiff contends that "the charge as a whole fails to adequately instruct the jury as to the conditions which must be established before a passenger who voluntarily rides with a person who has had something to drink or is tired can be guilty of contributory negligence." We do not agree. On a careful reading of the entire charge, particularly as it relates to the issue of contributory negligence, we find that if any error was committed therein, it was favorable to the plaintiff and not such as to which he may now justly complain.

No error.

Judges BRITT and CLARK concur.