RONDA JOY WILLIAMS KING v. SANDRA HUDSON ALLRED, LLOYD G. HARZE AND NU-CAR CARRIERS, INC.

No. 8218SC106

(Filed 18 January 1983)

Automobiles and Other Vehicles § 87.5— truck improperly parked on highway— automobile driver intoxicated—summary judgment for truck driver proper

> In an action brought by plaintiff, a passenger in an automobile which collided with a truck which was parked on a traveled portion of the highway and not marked by lights or flares, the trial court properly entered summary judgment for defendants truck driver and truck owner since the negligence in parking the truck on a traveled portion of the highway and in failing to mark the parked truck with lights or flares was insulated by the negligence of the driver of the automobile in driving while intoxicated. G.S. 20-161(a) and G.S. 20-134.

Judge ARNOLD dissenting.

APPEAL by plaintiff from Kivett, Judge. Order entered 5 October 1981 in Superior Court, GUILFORD County. Heard in the Court of Appeals 17 November 1982.

Plaintiff was injured as a passenger in an automobile driven by the defendant Allred when it collided on a public highway with a tractor-trailer truck owned by the defendant Nu-Car Carriers, Inc., and driven by the defendant Lloyd G. Harze. All defendants filed motions for summary judgment. The defendants Harze and Nu-Car Carriers, Inc., contended the negligence of Allred intervened and insulated their negligence, if any, as a matter of law. The trial court allowed the motion of the defendants Nu-Car Carriers, Inc. and Harze, dismissing with prejudice plaintiff's action against these defendants. Plaintiff appeals.

*Tate & Bretzmann, by Raymond A. Bretzmann, for plaintiff-appellant.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by G. Marlin Evans and Harold W. Beavers, for defendant-appellees Lloyd G. Harze and Nu-Car Carriers, Inc.*

HILL, Judge.

Plaintiff King and defendant Allred had been drinking beer in a bar in Greensboro. Defendant Allred testified in response to plaintiff's interrogatories that "[w]e were both intoxicated." They left the bar at 2:00 a.m. in a car owned and operated by defendant with plaintiff as passenger. The parties' destination was Allred's home, which was to be reached by driving along Highway I-85 to High Point, then along U.S. 311 to Flynt Hill Road and then to defendant's home.

Defendant was driving at about 45 miles per hour along the service road to I-85. This road was paved, 36 feet wide and at a slight downgrade, for 500 feet before the point of collision. A second or two before the collision, Allred saw the truck belonging to Nu-Car Carriers which was parked in Allred's lane. There were no flares or other lights on or around the parked truck. Allred applied her brakes, but collided with the Nu-Car Carriers truck. Allred testified bright lights from an oncoming vehicle obstructed her vision; that at all times she was looking ahead and at the oncoming vehicle. In her affidavit, Allred testified she was under the influence of intoxicants and did not see the truck in time to avoid colliding with it; that just before the accident she was intoxicated to the extent that she was unable to operate a car in a careful and prudent manner or keep it under proper control. Plaintiff suffered injuries arising out of the accident.

All defendants moved for summary judgment. The court denied the motion by Allred and allowed the motion of Nu-Car Carriers and Harze, dismissing with prejudice plaintiff's action against them.

One question is presented to this Court: Whether the trial court erred in granting the motion for summary judgment of defendants Lloyd G. Harze and Nu-Car Carriers. We find no error.

North Carolina law provides: "No person shall park or leave standing any vehicle . . . upon the paved or main-traveled portion of any highway . . . outside municipal corporate limits unless the vehicle is disabled to the extent that it is impossible to avoid stopping and temporarily leaving the vehicle upon the paved or main-traveled portion of the highway . . . ." G.S. 20-161(a). A violation of this law is negligence *per se. Hughes v. Vestal,* 264 N.C. 500, 142 S.E. 2d 361 (1965). Furthermore, it is unlawful to fail to display proper lights on a vehicle parked on the highway after dark. *See* G.S. 20-134. Violation of this statute is negligence *per se. Barrier v. Thomas and Howard Co.,* 205 N.C. 425, 171 S.E. 626 (1933).

By parking the truck on the traveled portion of the highway and failing to mark the parked truck with lights or flares, Lloyd G. Harze was negligent, and his negligence is imputed to Harze's employer, Nu-Car Carriers, Inc. A breach of duty to exercise reasonable care to warn other motorists of their peril may constitute negligence that is the proximate cause of injury resulting from a collision with a stationary vehicle on the highway. 3 Blashfield, Automobile Law and Practice 3d, § 116.

Allred acknowledges that she was intoxicated to the extent that she was unable to operate her automobile in a careful and prudent manner or keep it under proper control. This act constituted negligence *per se. Walters v. Parrish,* 252 N.C. 787, 115 S.E. 2d 1 (1960).

Where two motorists, or a motorist and a non-driver, are involved in an automobile accident, the negligence of one of the tort-feasors will intervene between the negligence of the other and the resulting accident only if it is such as to exclude the negligence of the other as a proximate cause of the accident. 2 Strong's N.C. Index 3d, Automobiles and Other Vehicles, § 87.4. We are confronted with the question whether parking of the truck by defendant Nu-Car Carriers, Inc. without posted warnings is a proximate cause of the accident or is merely a remote cause that has been insulated by the acts of defendant Allred in negligently operating the car while intoxicated.

The rule was quoted by Chief Justice Stacy in *Powers v. Sternberg,* 213 N.C. 41, 195 S.E. 88 (1938):

"Where a second actor has become aware of the existence of the potential danger created by the negligence of an original tort-feasor, and thereafter, by an independent act of negligence, brings about an accident, the first tort-feasor is relieved of liability, because the condition created by him was merely a circumstance of the accident and not its proximate cause. Where, however, the second actor does not become apprised of such danger until his own negligence, added to that of the existing perilous condition, has made the accident inevitable, the negligent acts of the two tort-feasors are contributing causes and proximate factors in the happening of the accident and impose liability upon both of the guilty parties."

*Id.* at 44, 195 S.E. at 90, *quoting Kline et al., Aplnts., v. Moyer and Albert,* 325 Pa. 357, 364, 191 A. 43, 46 (1937).

Plaintiff contends that since Allred (the second actor) did not become apprised of the danger created by Harze and imputed to Nu-Car Carriers, Inc., until the negligence of both Allred and Harze made the accident inevitable, the negligent acts of two tort-feasors are contributing and proximate causes of the accident and impose liability upon both parties.

In the final analysis, the question becomes one of proximate cause, and each case must be judged on its facts. The Nu-Car Carriers vehicle was negligently parked in Allred's lane of traffic and without flares or lights to warn of its presence. Defendant Allred admitted she was intoxicated when she left the bar. Nevertheless, she operated the vehicle and received the plaintiff as a guest passenger. She was so intoxicated that she was unable to operate an automobile carefully, prudently and under proper control and did not see the truck in time to avoid a collision. She said bright lights from an oncoming car obstructed her vision at the point of collision. Allred had been traveling a straight, paved road 500 feet at 45 miles per hour and saw the parked vehicle only one or two seconds before the collision. Had she not been so intoxicated, she would not have been blinded by the headlights so that she failed to see the parked vehicle.

The duty to drive a car in a careful and prudent manner and keep it under proper control is on the driver when he or she starts the vehicle and remains on the driver throughout the trip.

The driver must anticipate emergencies that might arise under existing circumstances and operate the vehicle accordingly. This defendant Allred failed to do. Her negligence began when she operated her car while under the influence of an intoxicant. A collision was reasonably foreseeable throughout the drive. Her admitted inability to operate the car carefully at the time of collision resulted in plaintiff's injury and was its proximate cause. The ruling of the trial court that the negligence of Allred insulated the negligence of Harze and Nu-Car Carriers, Inc. is

Affirmed.

Judge JOHNSON concurs.

Judge ARNOLD dissents.

Judge ARNOLD dissenting.

I dissent. I cannot say that no genuine issue of material facts exists so as to conclude that the defendant Allred's negligence was the proximate cause of plaintiff's injury as a matter of law.