RONDA JOY WILLIAMS KING v. SANDRA HUDSON ALLRED, LLOYD G. HARZE AND NU-CAR CARRIERS, INC.

No. 8418SC978

(Filed 3 September 1985)

1. **Automobiles and Other Vehicles § 94.7— instructions on contributory negligence of passenger—knowledge that driver intoxicated**

   In an action in which a passenger injured in a collision sought damages from the intoxicated driver, the trial court correctly instructed the jury on contributory negligence and properly refused to apply a totally subjective standard to determine contributory negligence. The disputed evidence of contributory negligence was properly submitted to the jury and the "reasonable person" objective standard comes into play once contributory negligence becomes a question for the jury.

2. **Automobiles and Other Vehicles § 91.3— intoxicated driver—willful or wanton conduct**

   In an action by an injured passenger against an intoxicated driver, the evidence of the driver's willful or wanton conduct was sufficient to go to the

jury where the driver admitted awareness of her own substantial intoxication, indifference to her duty to avoid operating a motor vehicle while impaired, and obliviousness to the duty to stop at five stoplights between a lounge and the accident. G.S. 20-138.1, G.S. 20-158 (1983).

**3. Evidence § 13— statements made to attorney—protected by attorney-client privilege**

In an action by an injured passenger against an intoxicated driver, the trial court erred by allowing the passenger's attorney to question the driver concerning substantive statements the driver made to her former attorney.

APPEAL by plaintiff from *William Z. Wood, Judge*. Judgment entered 12 December 1983, *nunc pro tunc* 9 December 1983, in Superior Court, GUILFORD County. Heard in the Court of Appeals 18 April 1985.

*Bretzmann, Brinson & Bruner, by Raymond A. Bretzmann, for plaintiff appellant.*

*Henson, Henson & Bayliss, by Perry C. Henson, Jr. and Stephen G. Teague, for defendant appellee, Sandra Hudson Allred.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by G. Marlin Evans, for defendant appellees, Lloyd G. Harze and Nu-Car Carriers, Inc.*

BECTON, Judge.

Plaintiff, Ronda Joy Williams King, was seriously injured in the early morning hours of 21 October 1977, when the car in which she was a passenger collided with a tractor-trailer truck parked in her lane of travel on the I-85 service road just south of Greensboro. King filed this negligence action against the defendant car driver and owner, Sandra Hudson Allred, the defendant tractor-trailer driver, Lloyd G. Harze, and the defendant tractor-trailer owner, Nu-Car Carriers, Inc. (Nu-Car). All three defendants moved for summary judgment. The trial court granted the motions made by Harze and Nu-Car based on the intervening, insulating negligence of Allred. This Court affirmed the lower court's ruling, in an opinion published at 60 N.C. App. 380, 299 S.E. 2d 248 (1983). However, the Supreme Court, in an opinion published at 309 N.C. 113, 305 S.E. 2d 554 (1983), reversed this Court's ruling and remanded the case for trial. The jury found that King's contributory negligence barred her from recovery. From the judgment dismissing her action with prejudice, King appeals.

King assigns error to the jury instructions on contributory negligence and the trial court's refusal to submit the issue of Allred's wilful and wanton negligence to the jury.

I

The accident on 21 October 1977 occurred as King and Allred were returning to High Point from a cocktail lounge in Greensboro. They had gone to the lounge on the night of 20 October 1977, as they had done once before, to drink beer. The evidence is conflicting as to the quantity of beer each party consumed that night and as to whether King was aware of Allred's intoxicated condition when they began the drive back on 21 October.

Allred testified that King sat beside her in the lounge during their four-hour visit there. Allred estimated her own beer consumption at one beer every thirty minutes over the four-hour period. On cross-examination, Allred admitted that she knew she was drunk before she got into her car. King, on the other hand, testified at trial that she only remembered buying and drinking one beer. She did not recall sitting in the lounge for four hours, observing Allred becoming intoxicated, or leaving the lounge. Her next memories postdate the accident. However, King was impeached with a deposition in which she had testified that she and Allred were intoxicated when they left the lounge.

[1] The trial court instructed the jury on contributory negligence, in pertinent part, as follows:

> [A] guest passenger in a motor vehicle is deemed not to have exercised that care for her own safety, which a reasonably prudent person would exercise under all the circumstances then existing, and her conduct would be negligence within — within itself, where the driver was under the influence of intoxicants; and second, the passenger knew or should have known that the driver was under the influence of an intoxicant; and third, the passenger voluntarily rode with the driver even though the passenger knew, or had reason to know that the driver was under the influence of an intoxicant.

Relying on *Litaker v. Bost*, 247 N.C. 298, 101 S.E. 2d 31 (1957) and *Lienthall v. Glass*, 2 N.C. App. 65, 162 S.E. 2d 596 (1968), King

contends that the trial court erred in refusing to apply a totally subjective standard to determine King's contributory negligence. In King's own words, "[t]he trial court erred in refusing to instruct the jury that plaintiff's contributory negligence in riding with an intoxicated driver would depend on whether plaintiff knew what was going on and, if so, consciously committed herself to the assumption of the risk of the trip." We believe the trial court instructed the jury properly.

Although *Litaker* and *Lienthall* involve similar factual situations, they are procedurally distinguishable from the case at hand. In *Litaker* and *Lienthall,* our appellate courts were reviewing rulings on the respective defendants' motions for nonsuit. Thus, the inquiry required an application of the subjective standard King espouses to determine whether the intoxicated passengers were contributorily negligent *as a matter of law.* As the *Lienthall* Court stated: "Nonsuit on the ground of contributory negligence should not be granted unless the evidence, taken in the light most favorable to plaintiff, establishes contributory negligence so clearly that no other reasonable inference can be drawn therefrom." 2 N.C. App. at 71, 162 S.E. 2d at 600.

Here, the disputed evidence on contributory negligence was properly submitted to the jury. Significantly, once contributory negligence becomes a question for the jury, the "reasonable person" objective standard comes into play. *Lee v. Kellenberger,* 28 N.C. App. 56, 220 S.E. 2d 140 (1975) governs the case before us. The *Lee* Court, on similar facts, upheld the trial court's refusal to give a Rule 51(b) requested special jury instruction phrased in terms of actual knowledge — the subjective standard.

> If plaintiff knew that defendant's faculties were in fact appreciably impaired from intoxication or lack of sleep, it would have been contributory negligence for plaintiff to continue to ride in the car with defendant driving, quite apart from whether plaintiff did or did not stay awake. More importantly, it was a question for the jury whether plaintiff knew *or in the exercise of due care should have known* that defendant's faculties were appreciably impaired.

*Id.* at 59, 220 S.E. 2d at 143 (emphasis in original); *accord Harrington v. Collins,* 298 N.C. 535, 259 S.E. 2d 275 (1979); *see Wood v. Brown,* 20 N.C. App. 307, 201 S.E. 2d 225 (1973).

King v. Allred

## II

On cross-examination, Allred testified:

By the time the club closed at 2:00 a.m., I had consumed a sufficient amount of beer that I could tell it was having an effect on me. It affected the manner in which I walked. . . .

. . . I could feel the effects of the beer on me as I started driving my automobile out onto the road and down the service road. As I proceeded down the roadway, I was intoxicated to the extent I was unable to operate my car in a careful and proper manner.

. . .

I knew I was drunk before I got into the car. I didn't think about whether I could operate the car safely or not when I got in. I knew I was drunk. Knowing I was drunk, I got behind the wheel of the car. I do not remember stopping at five different stoplights between the lounge and I-85. I was under the influence of alcohol. I do not know whether I stopped at all the stoplights I encountered or not.

[2] In her Complaint, King alleged that Allred had "operated her vehicle on a highway carelessly and heedlessly in willful or wanton disregard of the rights or safety of others." It is well-established that the contributory negligence of the plaintiff is not a bar to recovery, when the wilful or·wanton conduct of the defendant is the proximate cause of the injury. *Harrington v. Collins; Jarvis v. Sanders*, 34 N.C. App. 283, 237 S.E. 2d 865 (1977). In this case, the trial court refused to submit the issue of Allred's wilful or wanton conduct to the jury. Consequently, King's contributory negligence barred her recovery. We believe there was sufficient evidence to go to the jury on Allred's wilful or wanton conduct.

An act is done wilfully when it is done purposely and deliberately in violation of law . . ., or when it is done knowingly and of set purpose, or when the mere will has free play, without yielding to reason. . . . 'The true conception of wilful negligence involves a deliberate purpose not to discharge some duty necessary to the safety of the person or property of another, which duty the person owing it has assumed by

contract, or which is imposed on the person by operation of law.'

*Foster v. Hyman*, 197 N.C. 189, 191, 148 S.E. 36, 37 (1929) (citations omitted). Pursuant to N.C. Gen. Stat. Sec. 20-138.1 (1983), a person under the influence of an impairing substance commits the offense of impaired driving if he drives a car on any public road. Thus, the statutory law imposes a duty on all persons to avoid driving while under the influence of an impairing substance. According to her testimony, Allred recognized her own intoxicated condition and deliberately violated her duty. The evidence of Allred's wilful conduct was sufficient to go to the jury.

"An act is wanton when it is done of wicked purpose, or when done needlessly, manifesting a reckless indifference to the rights of others. . . . A breach of duty may be wanton and wilful while the act is yet negligent. . . ." *Brewer v. Harris*, 279 N.C. 288, 297, 182 S.E. 2d 345, 350 (1971) (quoting *Foster v. Hyman*, 197 N.C. at 191, 148 S.E. at 37-8); *Siders v. Gibbs*, 39 N.C. App. 183, 249 S.E. 2d 858 (1978).

There is no evidence of the alcohol content in Allred's blood. Nor is there any evidence that Allred was exceeding the speed limit at the time of the accident. In *Siders v. Gibbs*, this Court reviewed several recent cases in which our appellate courts found sufficient evidence to go to the jury on wilful and wanton conduct. In each case the Court focused on the violations of the safety laws: speed limits and directional traffic. However, the *Siders* Court also emphasized defendant Gibbs' level of intoxication and his awareness of his intoxicated condition: "There was testimony that defendant shortly before the collision, was so drunk that he kept falling against his car. The same witness also testified that because of alcoholic consumption the defendant's speech was noticeably affected and that while talking he had difficulty keeping his eyes open. He was told he was too drunk to drive." *Id.* at 189, 249 S.E. 2d at 862. The above evidence in combination with the violations of the safety laws was considered sufficient for the jury to infer a reckless indifference to the rights of others.

Similarly, we conclude that the evidence of Allred's wanton conduct was sufficient to go to the jury. Here Allred admitted: awareness of her own substantial intoxication, indifference to her duty to avoid operating a motor vehicle while impaired, *see* N.C.

Gen. Stat. Sec. 20-138.1, and obliviousness to the duty to stop at the five stoplights between the lounge and the accident, *see* N.C. Gen. Stat. Sec. 20-158 (1983). It is for the jury to determine whether Allred's negligence evinced a wilful or reckless indifference to the rights of others, and then, whether her wilful or wanton conduct was the proximate cause of the accident.

## IV

[3]   We summarily dispose of Allred's cross-assignments of error. We hold that the trial court erred in allowing King's attorney to question Allred concerning substantive statements Allred made to her former attorney. This information was protected by the attorney-client privilege. *See State v. Tate,* 294 N.C. 189, 239 S.E. 2d 821 (1978); 1 H. Brandis, *North Carolina Evidence* Sec. 62 (2d rev. ed. 1982). Allred's remaining cross-assignment of error involving a jury instruction on wilful and wanton contributory negligence was never raised at trial, and is not properly before us.

## V

In conclusion, the trial court's instructions on contributory negligence were proper. Consequently, the jury verdict finding King contributorily negligent bars her recovery against defendants Harze and Nu-Car Carriers, Inc., and ends her case against them. The trial court erred, however, in refusing to submit the issue of Allred's wilful or wanton conduct to the jury. Furthermore, the trial court erred in allowing questions in violation of the attorney-client privilege. As to defendant Allred, then, we reverse and remand for a new trial.

New trial.

Judges WEBB and PARKER concur.